MARK P. FARNHAM *vs.* JOSEPH N. PIERCE & another.

Bristol. Oct. 28, 1885. — Feb. 27, 1886. FIELD & C. ALLEN, JJ., absent.

The commitment, under the St. of 1882, *c.* 181, § 3, of a child to the custody of the overseers of the poor of a city, by a district court, upon finding that the child was, by the neglect of its parent, growing up without education or salutary control, and in circumstances exposing it to lead an idle and dissolute life, is valid, and the statute is constitutional; but the commitment is not conclusive upon the parent as an adjudication on his right to the custody of the child; and, upon a petition for a writ of habeas corpus to obtain the custody of the child, the parent may show that the cause stated for the commitment no longer exists, that he is competent and fit to have the care of the child, and that the welfare of the child will permit of its removal to its parent's custody.

W. ALLEN, J. The father of an infant four years of age, who has been committed to the custody of the overseers of the poor of the city of Taunton by the First District Court of Bristol, on findings that she was, by the neglect of her parent, growing up without education or salutary control, and in circumstances exposing her to lead an idle and dissolute life, and that she had a settlement in Taunton, seeks her discharge from custody, on a writ of habeas corpus, on the ground that the St. of 1882, *c.* 181, § 3, under which the court acted, is contrary to article 12 of the Declaration of Rights of this State.

The section of the statute is as follows : " Whenever it shall be made to appear to any court or magistrate that within his jurisdiction any child under fourteen years of age, by reason of orphanage, or of the neglect, crime, drunkenness, or other vice of his parents, is growing up without education or salutary control, and in circumstances exposing him to lead an idle and dissolute life, or is dependent upon public charity, such court or magistrate

shall, after notice to the state board of health, lunacy, and charity, commit such child, if he has no known settlement in this Commonwealth, to the custody of said board, and if he has a known settlement then to the overseers of the poor of the city or town in which he has such settlement, except in the city of Boston, and if he has a settlement in said city, then to the directors of public institutions of said city until he arrives at the age of twenty-one years, or for any less time; and the said board, overseers, and directors are authorized to make all needful arrangements for the care and maintenance of children so committed in some state, municipal, or town institution, or in some respectable family, and to discharge such children from their custody whenever the object of their commitment has been accomplished."

This is not a penal statute, and the commitment to the public officers is not in the nature of punishment. It is a provision by the Commonwealth, as *parens patriæ*, for the custody and care of neglected children, and is intended only to supply to them the parental custody which they have lost. In this respect, the statute manifestly differs from the construction given to the statutes under which *People* v. *Turner*, 55 Ill. 280, and *State* v. *Ray*, New Hampshire, July, 1885, were decided, and resembles more the statutes considered in *Milwaukee Industrial School* v. *Supervisors*, 40 Wis. 328, *Ferrier's petition*, 103 Ill. 367, *McLean County* v. *Humphreys*, 104 Ill. 378, *Prescott* v. *State*, 19 Ohio St. 184, *House of Refuge* v. *Ryan*, 37 Ohio St. 197, *Ex parte Crouse*, 4 Whart. 9, and *Roth* v. *House of Refuge*, 31 Md. 329. It does not punish the infant by confinement, nor deprive him of his liberty; it only recognizes and regulates, as in providing for guardianship and apprenticeship, the parental custody which is an incident of infancy.

It is argued that the right of the father to the society, education, and earnings of his child is taken from him by a summary proceeding, without notice or trial. If the statute is to be construed as authorizing a final adjudication upon the rights of the father, taking from him the custody and care of his child, it would be a grave question whether it could be sustained. But we do not so construe the statute.

It provides custody for a child who is suffering for the need of it in consequence of the death or unfitness of its parent. The

fact of the death, or neglect, or crime, or vice of the parent shows the condition of the child, — that he is in need of parental custody. The fact that he is suffering morally for want of parental restraint calls for immediate and appropriate relief, as would the want of food or shelter. The inability or failure of the parent to furnish the relief is intended to show the need of the child, not to be the basis of a decree against the parent. *Milwaukee Industrial School* v. *Supervisors, ubi supra.*

It is argued that the statute authorizes the commitment of the child to custody until his majority, and only gives the board to which he is committed discretionary authority to discharge him; and that it thus wholly deprives the parent of the right to the custody. The answer is, that the father is not bound by the adjudication, and his rights are not affected by it, except incidentally and to a limited extent, necessary for the good of the child.

It would be an entirely natural and proper provision, in a commitment intended to bind the child and strangers only, that it should be during minority, or for a shorter time, in the discretion of the committing magistrate; and it is not necessary to infer from such a provision an intention that the rights of the father should be adjudicated and determined which would not have been found without it. That that was not the intention of the Legislature appears from various considerations besides those already referred to. The proceeding is intended to be summary. Any magistrate is authorized to act when it shall be made to appear to him, &c. No complaint or written application to the magistrate is required, and no notice to any one except to the state board of health, lunacy, and charity after it shall have been "made to appear." No trial is required, and it might be "made to appear" by inspection of the child and his surroundings, without any other proceeding. The statute not only requires no notice to the parent, but does not make him a party, and gives him no right to be heard even if present; and it does not prescribe a fact as constituting the unfitness of the parent, — as support as a pauper, or sentence to the state prison, for instance, — but leaves the question of unfitness, in the respects specified, to the summary determination of any magistrate, without revision or appeal. As a proceeding to ascertain whether a child, who is growing up without salutary control, and exposed

to vicious habits, is in that condition, in spite of proper parental control or for want of it, with a view of supplying the control if needed, the meaning of the statute is plain, and in the line of legislative precedent; as a proceeding to determine the fact of the father's unfitness and consequent forfeiture of his parental rights, and to adjudicate upon his right to the custody of his child, it lacks essential features which we are accustomed to find in all legislation affecting rights of property or of persons; and we do not think that the necessity of construction requires us to give that meaning to the language of the statute.

The finding of the district court must be taken to be that the child was in the condition which required the custody of the overseers of the poor according to the statute, and she was given into their custody for that reason, and not because the father was adjudged to have forfeited his right. The commitment is valid, and the custody in which the child is held is lawful, and subject to the rights of the father. The statute does not provide any way in which the father can maintain his rights. He can apply to the overseers of the poor to discharge the child, for the reason that the object of the commitment has been accomplished, and, on showing his ability and fitness to take charge of the child, she should be discharged by them. The statute leaves that in their discretion, it is true, and, as to matters other than the right of the parent, their discretion may be absolute; but the rights of the parent can be protected on habeas corpus by this court. *Milwaukee Industrial School* v. *Supervisors*, and *House of Refuge* v. *Ryan*, *ubi supra*.

We think that the commitment is evidence of the condition of the child, as in need of restraint on account of the neglect of the parent, at the time of the commitment; but that it is not binding upon the father as an adjudication upon his rights, and that he has a right to show that the cause stated for the commitment does not now exist, that he is competent and fit to have the care of his child, and that the welfare of the child will permit of her removal from her present custody. The case should be remitted for further hearing before a single judge.

*Ordered accordingly.*

*G. E. Williams*, for the petitioner.

*F. V. Fuller*, for the respondents.