THE PEOPLE OF THE STATE OF NEW YORK ex rel. GUSTAVE
RIESNER, Respondent, *v.* NEW YORK NURSERY AND
CHILD'S HOSPITAL, Appellant.

**New York (city of) — Children's Court — when such court
has jurisdiction of abandoned children and authority to com-
mit them to an institution pending disposition of their case —
when commitment not void because notice was not given to
parents — construction and application of statute (Penal Law,
§ 486) — when father may obtain writ of habeas corpus for
custody of his children.**

1. Under the statute (Penal Law, § 486) the Children's Court
of New York city had authority to arrest infant children upon a
complaint that they were " without proper guardianship " and likely
to suffer in " life, health and morals " and commit them to a child's
hospital pending proceedings for a final disposition.    Such a com-
mitment is not void on its face nor the Children's Court without
jurisdiction because there was no recital in the commitment of notice
to either parent, or to any guardian or custodian, and the statute
should not be construed to mean that the process under which the
children were detained was void.    It assumes that diligent effort to
give notice will be made.    The power to adjudicate the disposition
of their care involves by implication the power to commit them to
some appropriate guardianship while adjudication is suspended.
Although the process is provisional until notice to the parent or
custodian, that does not make it void.

2. Where children were committed by the Children's Court to an
institution while proceedings were being taken under the statute
(Penal Law, § 486) for their final disposition and such commitment
was made without notice to their father, and, therefore, provisional,
it did not preclude the father from obtaining a writ of habeas corpus,
or affect his right, at the hearing upon the return thereto, to show
that his children were not exposed to danger if confided to his care
and that their welfare would be promoted if they were surrendered
by the institution and placed in the care of their grandmother.

*People ex rel. Riesner* v. *N. Y. Nursery & Child's Hospital,* 190
App. Div. 562, affirmed.

(Argued November 15, 1920; decided December 7, 1920.)

**120** People ex rel. Riesner *v.* N. Y. N. & C. Hospital.

[230 N. Y.]        Opinion, per Cardozo, J.        [Dec.,

Appeal, by permission, from an order of the Appellate Division of the Supreme Court, in the second judicial department, entered January 28, 1920, which unanimously affirmed an order of Special Term sustaining a writ of habeas corpus.

The facts, so far as material, are stated in the opinion.

*Jackson A. Dykman* for appellant. Upon writs of habeas corpus to inquire into the detention of children under commitments the same rules apply as in other cases of habeas corpus and the only question is whether the court had jurisdiction and authority. (*People ex rel. Danziger* v. *P. E. House of Mercy,* 128 N. Y. 180; *People ex rel. Kuhn* v. *P. E. House of Mercy,* 133 N. Y. 207.) The orders below were erroneous. (*People ex rel. Piccirillo* v. *Brooklyn Society,* N. Y. L. J. April 26, 1919; *People ex rel. Trainor* v. *Baker,* 89 N. Y. 460.)

*Charles L. Meckenberg* for respondent.

Cardozo, J. Complaint was made to the Children's Court of the City of New York that two infants, Irving and Lillian Riesner, of the age of three years and one year respectively, were " without proper guardianship," and that both were likely to suffer in " life, health and morals " (Penal Law, sec. 486; Consol. Laws, chap. 40). The children were arrested, and, on April 25, 1919, were brought before the court. The justice there presiding entered in his minutes an adjudication that they were without proper guardianship, and adjourned the proceeding " for final disposition," first to May 2, 1919, then to May 9, and then to May 16. Custody of the children was awarded in the meantime to the New York Nursery and Child's Hospital, but there is no recital in the commitment of notice to either parent, or to .any guardian or custodian. Before the last of the adjourned dates, the father, to obtain the custody of his children,

sued out a writ of habeas corpus directed to the nursery. He alleged in his petition that the Children's Court was without jurisdiction, and that the commitment was void. The nursery by its return set up the proceedings in that court and the warrant of commitment under which the children were detained. The father, traversing the return, alleged that he was able and ready to support the children, that he had made arrangements to place them in the custody of their grandmother, and that their discharge from a public institution would promote their health and welfare. On the hearing at Special Term, evidence in support of these allegations was received without objection. The Special Term held that the welfare of the children would be promoted by their discharge, and placed them, with the father's consent, in the custody of the grandmother. The Appellate Division held that the only question before the Special Term was the jurisdiction of the inferior court, but affirmed the order on the ground that the commitment was void upon its face.

We are unable to concur in the conclusion that there was defect of jurisdiction. The defect asserted is the failure of the commitment to disclose notice to either parent. " Whenever any child shall be committed to an institution under this chapter, and the warrant or commitment shall so state, and it shall appear therefrom that either parent, or any guardian or custodian of such child, was present at the examination before such court or magistrate, or had such notice thereof as was by such court or magistrate deemed and adjudged sufficient, no further or other notice required by any local or special statute, in regard to the committal of children to such institution, shall be necessary, and such commitment shall in all respects be sufficient to authorize such institutions to receive and retain such child in its custody as therein directed " (Penal Law, sec. 486). This statute does not nullify the process under which these children

were detained. It assumes that diligent effort to give notice will be made. It does not mean that in the interval an infant shall be cast adrift. Helpless or abandoned children or those exposed to stated perils are to be arrested and arraigned in court (Penal Law, secs. 485, 486). From the time of their arrest, they are in the custody of the law. The power to adjudicate the disposition to be made of them involves by implication the power to commit them to some guardianship appropriate to their age and needs while adjudication is suspended (Cf. Inferior Criminal Courts Act, L. 1915, ch. 531, § 34-R; Greater N. Y. Charter, sec. 665; Code Crim. Proc. sec. 888; Code Civ. Proc. sec. 2037). Until notice to a parent or custodian, the judgment, with any commitment based upon it, is not final, but provisional (*People ex rel. Van Riper* v. *N. Y. Catholic Protectory*, 106 N. Y. 604, 613). It remains subject until then to the parents' right to appear in any court of competent jurisdiction and demand the custody for themselves (*Farnham* v. *Pierce*, 141 Mass. 203, 205, 206; *Milwaukee Industrial School* v. *Supervisors*, 40 Wis. 328; *Cincinnati House of Refuge* v. *Ryan*, 37 Ohio St. 197; *Petition of Ferrier*, 103 Ill. 367; *Whalen* v. *Olmstead*, 61 Conn. 263). Even after notice, the award is subject to revision upon proof of changed conditions (*Matter of Knowack*, 158 N. Y. 482). Nothing to the contrary was held in *People ex rel. Kuhn* v. *P. E. House of Mercy* (133 N. Y. 207) and *People ex rel. Danziger* v. *P. E. House of Mercy* (128 N. Y. 180), for no question was there involved of a disposition of infants, themselves innocent of wrongdoing, without notice to a parent entitled to a hearing. To say, however, that process is provisional is not to say that it is void. It protects the institution that acts under it until some one in appropriate proceedings makes out a better right. There is no denial of due process in the award of a custody thus temporary and conditional (*Farnham* v. *Pierce; Milwaukee Ind. School* v. *Supervisors; Cin. House of Refuge* v. *Ryan, supra*). The state, in

confiding helpless or abandoned children to the care of public institutions, is not punishing the parents, much less the children themselves. It is acting as *parens patriæ* to promote the welfare of its wards (*Farnham* v. *Pierce, supra*). The parents, when found, may be heard in the original proceeding. If a hearing, or the opportunity for one, has not been given to them there, they may still be heard in the Supreme Court upon a writ of habeas corpus, and may then contest the necessity for the disturbance of their custody. In the meantime, the warrant of commitment remains a lawful exercise of jurisdiction. Its restraint is not illegal because subject, on a proper showing, to be modified or ended (*Farnham* v. *Pierce, supra*).

The commitment now in question was not made in departure from these rules. It shows upon its face that it was intended to be provisional and temporary. Dated May 9, 1919, it recites that the children have been " held by the court for disposition " on May 16, 1919, and confides them to the custody of the appellant " until that date," and no longer. The relator himself does not construe the mandate otherwise. He alleges in his petition that the justice of the Children's Court " temporarily committed " the children to the nursery, and then adjourned the proceeding till May 9, 1919, and thereafter till May 16, 1919, " for final disposition." The court had jurisdiction, and its warrant is not void.

Unable, though we are, to hold with the Appellate Division that there is a defect in the commitment, we are, none the less, of the opinion that the order must be affirmed. The commitment, being without notice and provisional, did not touch the father's right to establish, if he could, that there should be an end to its restraint. He was free to show that his children were not exposed to danger if confided to his care, and that their welfare would be promoted if they were surrendered by the home (*Farnham* v. *Pierce, supra*, at p. 206). It is true that he

might have waited until May 16, and by appearance in the Children's Court have litigated his grievance there. That such a remedy was possible, did not render it exclusive. He was not required to acquiesce in an *ex parte*, though temporary, commitment which would separate his children from him for days, if not for weeks. He was entitled to test without delay the propriety of a custody which was still subject to a better right. The writ of habeas corpus was limited in its origin to cases of restraint under color or claim of law (*N. Y. Foundling Hospital* v. *Gatti*, 203 U. S. 429, 438; *People ex rel. Pruyne* v. *Walts*, 122 N. Y. 238, 241). In time, however, it was extended to controversies touching the custody of children, which were governed, not so much by considerations of strictly legal rights, as by those of expediency and equity and, above all, the interests of the child (*N. Y. Foundling Hospital* v. *Gatti; People ex rel. Pruyne* v. *Walts; Matter of Knowack, supra; Matter of Waldron*, 13 Johns. 418; *The Queen* v. *Gyngall*, 1893, 2 Q. B. 232). We find in this statute no suggestion of a purpose, if we were to assume that there was power (N. Y. Constitution, art. 1, sec. 4), to abridge the function of the writ in this field of its extension. The provisional commitment does not displace the power of the Supreme Court to award the custody to the father if the children's welfare so requires. Adjournments in the Children's Court may be for days or weeks or longer. Cases may arise where the rights of innocent and worthy parents should be vindicated at once. We will not readily assume that the legislature meant to tie their hands till the temporary mandate had spent its force, and the final hearing was at hand. No doubt this petition missed the point in resting the petitioner's case upon a supposed defect of jurisdiction. The traverse and the later hearing set the blunder right. The traverse disclosed the father's willingness and fitness to support his children and protect them. The hearing brought the evidence to justify the inference that the

welfare of the children would be promoted by the change. Without objection directed to the form of the petition, the case was heard upon the merits, and upon the merits was determined. The result was an exercise of discretion with which we may not interfere (*Matter of Welch,* 74 N. Y. 299).

The order should be affirmed without costs to either party.

‾HISCOCK, Ch. J., HOGAN, POUND, CRANE and ANDREWS, JJ., concur; COLLIN, J., concurs in result.

Order affirmed.