IRVING H. NOTTINGHAM, Respondent, *v.* MAUD B. NOTTINGHAM, Appellant. (No. 1.)

Fourth Department, May 23, 1924.

Husband and wife — divorce — sufficiency of evidence to warrant judgment for divorce — reference — referee has right to accompany findings with opinion — judgment in favor of defendant sustained by evidence — counsel fees — defendant should have been granted counsel fees pending action — Appellate Division will not grant counsel fees after action is ended.

Before a divorce will be granted by the courts, the evidence of the acts on which it must be based must be so clear and convincing that the mind of the court will not be left in doubt and uncertainty.

A referee appointed in an action for divorce has the right to accompany his findings by an opinion in which he states his view of the evidence and the reason for his findings.

In this action, in which the allegations of misconduct on the part of the defendant are very indefinite, an examination of the evidence discloses that the referee was right in reaching the conclusion that the evidence did not sustain the charge made by the plaintiff that the defendant had been guilty of adultery. Opportunity, which is often present where the parties are living in a somewhat informal manner, is not sufficient. The evidence of desire and purpose must also exist.

The defendant should have been granted counsel fees to enable her to defend the action, but since the action is now ended, the Appellate Division will not grant the defendant counsel fees and other expenses, for the provisions of section 1169 of the Civil Practice Act relating thereto do not contemplate an allowance for past expenditures.

APPEAL by the defendant, Maud B. Nottingham, from an order of the Supreme Court, made at the Herkimer Special Term and entered in the office of the clerk of the county of Onondaga on the 7th day of April, 1924, denying the defendant's motion for confirmation of the report of a referee in an action for divorce, also denying her motion for disbursements and counsel fees, and ordering that a new trial be had before a jury or another referee.

*Leslie J. Schuyler*, for the appellant.

*Harry B. Lewis*, for the respondent.

DAVIS, J.:

Each divorce action must be decided upon its own particular facts. Precedents are of little value except to furnish the guiding

rule that before the integrity of a marriage contract will be destroyed and the relation of the parties thereunder dissolved, the evidence of such acts as furnish grounds for dissolution must be so clear and convincing that the mind of the court will not be left in doubt and uncertainty.

The action was brought February 1, 1922. The complaint contains besides general allegations the charge " that in the year 1915 this defendant committed adultery with a man whose name is unknown, at a place known as Frenchman's Island, South Bay, Onondaga County, New York; that at various times since the said year 1915, this defendant has committed adultery with various men and at various times and places, the exact men with whom and the exact times when and places where these adulteries were committed this plaintiff is, at present, unable to more particularly state." The verified answer of defendant put in issue these vague and indefinite charges. The trial was commenced before a referee November 22, 1922. There was some delay in obtaining the deposition of the non-resident corespondent. The sole issue tried was whether in the summer of 1915 on a pleasure boat maintained by the plaintiff and defendant on Oneida lake, the defendant was guilty of improper conduct with one of their guests.

The referee made his findings August 2, 1923. The finding on the charge in question was in favor of defendant. His findings were very properly accompanied by a short opinion furnishing the court his views of the evidence and the reasons for his findings. I am at pains to mention and approve this fact because of critical and highly improper allegations contained in the affidavit of the plaintiff and his attorney on the motion to confirm relative to the right of the referee to express his views in an opinion for the information of the court.

It is unnecessary here to review the evidence or set it forth in detail. It is only by piecing together scattered fragments of the evidence of two women who were responsible for introducing the corespondent to the defendant, whereby he became one of the guests of the boat party, and by ignoring all contradictions, inconsistencies and lapses of memory and by entirely disregarding the contradictions by defendant and the corespondent, that any conclusion impeaching the chastity of defendant can be reached. Such extreme measures in reaching a determination are not ordinarily justifiable and particularly are they not justified in this case where the charge is without support in the evidence taken as a whole. Some regard must be had for possible innocence, and for appearances and acts arising naturally under circumstances such as existed here where a party of comparatively young people were out for a summer vacation

and living in a somewhat informal manner. Opportunity which is often present under such circumstances is not sufficient. The evidence of desire and purpose must also exist. (*Pollock* v. *Pollock*, 71 N. Y. 137; *Keville* v. *Keville*, 122 App. Div. 388; *Graham* v. *Graham*, 157 id. 52; *Cottrell* v. *Cottrell*, 165 id. 693.) The referee who saw and heard the witnesses was better qualified than a reviewing court to make estimate of their credibility. A careful examination of the record convinces me the referee was right in the conclusions he reached.

The defendant made two motions for alimony and counsel fees. She was possessed of small means. The plaintiff asserted he had none. The first motion was denied with leave to renew. After the trial and on motion to confirm the referee's report, the defendant made another motion to provide for the expense she had incurred in defending the action. That motion has been denied.

I think the defendant was entitled to relief under the circumstances. Being brought into court to answer the vague charges I have heretofore quoted from the complaint, defendant was entitled to have provision made for the payment of the expense of defending out of plaintiff's property. Plaintiff had or was furnished means to bring his action. If he was unable to pay for her defense, then he should either convince the court that he had more merits to his action, or be compelled to discontinue. (*Merritt* v. *Merritt*, 99 N. Y. 643; *Purcell* v. *Purcell*, 3 Edw. Ch. 194.) The cases relied upon in denying defendant relief (*Collins* v. *Collins*, 80 N. Y. 1; *Lake* v. *Lake*, 194 id. 179; *Brand* v. *Brand*, 178 App. Div. 822) are not applicable under the facts presented here. If the husband was in fact destitute and unable to pay alimony and counsel fees, he was not exposed to the danger of being punished for contempt for failure to pay. (*Burdick* v. *Burdick*, 183 App. Div. 488.)

However, I think it is too late to furnish the defendant a remedy here. The provisions for counsel fees and other expenses are to be made by the court during the pendency of the action for the purpose of carrying it on, and not for past expenditures. (Civ. Prac. Act, § 1169; *Poillon* v. *Poillon*, 75 App. Div. 536; *McCarthy* v. *McCarthy*, 137 N. Y. 500.) The action is now at an end and defendant will be entitled to her costs. She is also entitled to support and maintenance by her husband and to recover such sums as she has necessarily expended during her separation from him without her fault. (*DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460.)

That portion of the order appealed from denying counsel fees should be dismissed, without costs.

That part of the order denying confirmation of the referee's report and directing that a new trial be had should be reversed,

with costs; the facts found by the referee should be approved; the defendant's motion for confirmation of the referee's findings should be granted, with ten dollars costs, and judgment for defendant should be directed on said findings, with costs.

All concur.

That part of the order denying confirmation of referee's report and granting a new trial is reversed, with costs, defendant's motion for confirmation of referee's report granted, with ten dollars costs, and judgment for defendant is directed on said findings, dismissing the complaint, with costs. The appeal from that part of the order denying counsel fees is dismissed, without costs.