In the Matter of KATHLEEN ANNA COLE, a Child under Sixteen Years of Age.

GRACE MAY COLE, Appellant; CLAUDE W. COLE, Respondent.

Fourth Department, March 18, 1925.

**Children — Children's Court — court does not have general jurisdiction under State Constitution, art. 6, § 18, and Children's Court Act (Laws of 1922, chap. 547, as amd.) — court does not have jurisdiction to transfer custody on ground of general welfare of child — neglect as defined by § 2, subd. 4, of statute not shown.**

The Children's Court does not have general jurisdiction of children under section 18 of article 6 of the State Constitution and the Children's Court Act (Laws of 1922, chap. 547, as amd.), and cannot, therefore, transfer the custody of a child from persons in whose custody the mother has placed it on the ground that to do so would benefit the general welfare of the child, for where it is claimed that the custody should be transferred, it must be shown that the child has been neglected, within the meaning of that term as used in subdivision 4 of section 2 of the statute.

Inasmuch as the evidence in this case does not show that the child was neglected by its mother but does show on the contrary that the home which its mother provided with the mother's uncle and aunt was well cared for and managed, and that the child was well taken care of, it was error to order her custody changed.

APPEAL by Grace May Cole from a final order of the Children's Court of Jefferson county, entered August 16, 1924, directing the appellant to deliver the infant, Kathleen Anna Cole, to the petitioner, Claude W. Cole, at his home in Cape Vincent, N. Y.

*John Conboy,* for the appellant.

*Clarence L. Crabb,* for the respondent.

SEARS, J.:

This proceeding arose in the Children's Court of Jefferson county. A petition was there filed by the paternal grandfather of the infant Kathleen Anna Cole containing the allegation that she " is a neglected child in that she is in need of the care and protection of the State, in that she is subject to insufficient and improper

guardianship, to wit, her general welfare is not properly protected by her mother." Process having been served, hearings were had and much testimony received, and finally an order was made and signed by the judge of the Children's Court containing a full recital of the grounds of his decision but no finding as to the claim that Kathleen was a neglected child.

The court found that the child's parents had separated; that the child had resided with different relatives but had finally been placed for care, support and maintenance by her mother with her uncle and aunt, a Mr. and Mrs. Fred Schwartz, at Theresa, N. Y.; that the house of these people is well managed and the child is well clothed and cared for and that the Schwartzes bear a good reputation; that the child has attended school part of the year at Theresa and part of the year at Redwood, N. Y., but that the educational facilities of Cape Vincent where the grandparents live are superior to those near the Schwartz home, and " that the welfare of the child will be better promoted by regular attendance in a selected school than partial attendance at schools in different localities." The order states the conclusion of the court to be that " it is for the best interests and welfare of Kathleen Anna Cole to reside with her grandparents, Mr. and Mrs. Claude Cole of Cape Vincent, N. Y., during the school year and to be in regular attendance at the school in that village during that time," and directs the mother to place the child in the grandparents' home for custody during the period of the school session.

The authority for the creation of Children's Courts by the Legislature is found in the amendment of the State Constitution adopted in 1921 (Art. 6, § 18). The jurisdiction is purely statutory. (Laws of 1922, chap. 547, as amd. by Laws of 1923, chap. 207, and Laws of 1924, chaps. 435, 436.) The sole basis of jurisdiction in this proceeding rests in Kathleen being a neglected child. That term is carefully defined in the statute. (Children's Court Act of the State of New York, § 2, subd. 4.)

General jurisdiction over children such as is exercised by the Supreme Court (*Matter of Lee*, 220 N. Y. 532; *Matter of Knowack*, 158 id. 482; *Matter of Bistany*, 239 id. 19; *Wilcox* v. *Wilcox*, 14 id. 575) is not vested in Children's Courts. The order in this case based upon the general welfare of the child is, therefore, unwarranted.

We are asked to determine that Kathleen is a neglected child upon the record before us. This we are unwilling to do. Such a determination should be made in the first instance by a court which has seen and heard the witnesses. (*Nottingham* v. *Nottingham, No. 1*, 209 App. Div. 459.) The mother of this child is one of her

legal guardians (Dom. Rel. Law, § 81), and her legal right to dispose of the custody and tuition of the child must prevail in this proceeding unless the condition of neglect defined by the statute is established to the satisfaction of the court. Even the Supreme Court with its broad equity powers will exercise its jurisdiction to interfere with parental guardianship reluctantly and only upon strong and convincing proof of unfitness on the part of the parent or material benefit to the child. . (*People ex rel. Byrne* v. *Brugman,* 3 App. Div. 155; *Matter of Livingston,* 151 id. 1; *People ex rel. DeLaney* v. *Mt. St. Joseph's Academy,* 198 id. 75.)

On the other hand, where neglect is shown to exist, the exercise of jurisdiction by the Children's Court is beneficent and should be unhesitating, even though the result is an interference with the natural guardianship of a parent.

The order should be reversed on the law and a new trial granted, without costs.

HUBBS, P. J., DAVIS, CROUCH and TAYLOR, JJ., concur.

Order reversed on the law and facts and a new trial granted, without costs.