JOSEPHINE M. KRAMRATH, Respondent, *v.* ALEXANDER KRAMRATH, Appellant.

Third Department, January 21, 1931.

*Woollard & Cogan* [*Louis J. Rezzemini* of counsel], for the appellant.

*Thomas J. P. Cawley,* for the respondent.

PER CURIAM. The plaintiff has brought this action for absolute divorce. She moved at Special Term for counsel fees and temporary alimony. An allowance thereof was made in the order now here on appeal.

It is admitted that the parties were married in this State on December 4, 1926. Defendant in his answer alleges that the parties were divorced in the State of Florida on March 31, 1928, in an action brought by the present defendant as plaintiff; that there was personal service of process within that State on the present plaintiff; that she appeared as defendant in the action personally and by attorney by filing an answer; and that the court thereby acquired jurisdiction to grant the divorce. Further, it appears by affidavits filed by the defendant that prior to the granting of the Florida divorce two written agreements were made between the parties wherein it was provided for the separate maintenance and support of the plaintiff.

If the parties had been legally divorced by the decree of another State the plaintiff would have no cause of action here; and she would not be entitled to temporary alimony or counsel fees, for the existence of a valid marriage is necessary as a basis for her right to make such claim before the courts of this State. (*Collins* v. *Collins,* 80 N. Y. 1; *Lake* v. *Lake,* 194 id. 179.) Likewise, if there is an existing agreement between the parties for the separate support of the wife the court cannot grant alimony until the contract is set aside or impeached. (*Cain* v. *Cain,* 188 App. Div. 780; *Davis* v. *Davis,* 195 id. 430.)

The plaintiff in her affidavits denies that she was served with process in the Florida action; and alleges that she never authorized any attorney to appear therein in her behalf. There are circumstances giving color of truth to her denial. The matter cannot be determined upon affidavits, but the facts must be established on the trial. As to the agreements for separate support, the plaintiff says that the first one was entered into by her through duress and never became operative; and that it was rescinded and abandoned and the parties returned to living together as husband and wife immediately following its execution. The affidavits of the defendant indicate that this is true. The plaintiff says further that the second agreement was not one for permanent separate support and that it in effect was abandoned and became inoperative immediately following its execution. This question also must become the subject of proof on the trial.

In view of the admitted marriage of the parties and the doubt cast upon its dissolution prior to the commencement of this action, and the doubt concerning the force and validity of the agreements for separate support,— we think that the plaintiff is entitled to temporary alimony and counsel fees. If her application is absolutely denied at this time and she should be successful in the action, it would then be too late to grant the relief to which obviously she would be entitled. (*Nottingham* v. *Nottingham, No. 1*, 209 App. Div. 459; *Nottingham* v. *Nottingham, No. 2*, Id. 462.) But defendant should be allowed an opportunity to establish the truth of his allegations on a trial, and, therefore, payment of the amounts allowed should be stayed for sixty days. If the defendant establishes that there has been a valid divorce, or that there are valid existing agreements for separate support, then the judgment may declare the order for temporary alimony and counsel fees invalid, or permanently stay the collection of such allowances.

The order should be affirmed, with ten dollars costs and disbursements, and payment and collection of the sums granted in the order are stayed for sixty days after entry and service of the order of affirmance.

All concur.

Order affirmed, with ten dollars costs and disbursements, and payment and collection of the sums granted in the order are stayed for sixty days after service of a copy of the order to be entered hereon, with notice of entry.