In the Matter of IRENE INZERO, Appellant, for an Order Authorizing the Disinterment of the Body of THOMAS INZERO. FRANCES INZERO et al., Respondents.— Order dismissing petition for the removal of the body of petitioner's deceased husband from a plot owned by her husband's family in Calvary Cemetery in Queens County to a plot in St. Raymond's Cemetery in Bronx County, reversed on the law and the facts, with $10 costs and disbursements, and the application granted, with $10 costs. Petitioner, twenty-nine years old, and her husband, who was thirty-two years old at the time of his death as a result of an accident, and their two children were residents of Bronx County. Prior to the funeral, petitioner, at a cost of $1,147, " arranged " for the burial in a different plot, but she acquiesced in the suggestion of the undertaker that the burial be in the plot owned by her husband's family. There always was ill feeling between petitioner and her husband's family. About six months after the burial, petitioner made the instant application, claiming that her consent was given at a time when she was disturbed and distraught. It may not be said on this record that immediately following her husband's death petitioner had any settled conclusions about the burial of her husband. While she consented to have him buried in the present grave, she may not be charged with waiving her rights of burial, nor with consenting at that time to a permanent resting place. Under the circumstances, the dismissal of the petition was an improvident exercise of discretion. (*Darcy* v. *Presbyterian Hosp.*, 202 N. Y. 259; *Pettigrew* v. *Pettigrew*, 207 Pa. 313, cited with approval in *Yome* v. *Gorman*, 242 N. Y. 395; *Matter of Clum*, 235 App. Div. 705.) Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur. Settle order on notice.

■

In the Matter of the Application of JOHN J. JACOBSEN, Respondent, for a Writ of Habeas Corpus to Inquire into the Cause of Detention of JOHN W. JACOBSEN, an Infant. SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN OF NASSAU COUNTY, INC., Appellant.— Petitioner-respondent's infant son, fourteen years of age, charged by petition of a police officer as a juvenile delinquent in driving an automobile upon public streets, was remanded by the Children's Court, Nassau County, to appellant's children's shelter for ten days pending an investigation of the charge. With no showing whatever of reasons therefor, the court refused to release the child on bail or to parole him in the custody of his father, petitioner-respondent herein. Order sustaining writ of habeas corpus and directing the discharge of the infant from appellant's custody upon giving specified bail affirmed, without costs. Upon the record we are of opinion that it was an improvident exercise of the discretion vested in the court to so restrain the child in his liberty and that the writ of habeas corpus was properly issued by the Supreme Court to review that restraint. (Children's Court Act, § 20; Civ. Prac. Act, § 1230; *People ex rel. Riesner* v. *New York Nursery & Child's Hosp.*, 230 N. Y. 119, 124; *People ex rel. Shapiro* v. *Keeper of City Prison*, 290 N. Y. 393, 398.) Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.