THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. ELKINS, Relator, against ST. COLEMAN'S HOME, Defendant.

Supreme Court, Special Term, Albany County, February 1, 1954.

*Bernard Cohen* and *Richard E. Bolton* for relator.

*Paul F. Donohue* for defendant.

*Walter L. Collins, County Attorney (Evariste G. Lavigne* of counsel), for Children's Court of Albany County.

*Hyman Rosenblum,* special guardian for Evelyn S. Elkins, an incompetent.

*Richard W. Coughlin,* special guardian for Mary E. Elkins, an infant.

TAYLOR, J. The infant whose custody is the subject of this proceeding was born on April 3, 1938. In 1942, the child's mother was hospitalized for a short period of time in Massachusetts. Soon after her release from the hospital, she and her husband separated. She came to live in Albany and brought the child with her. In 1943, the father unsuccessfully applied to the Supreme Court for an order awarding him custody of his daughter. In October of 1945, the child's mother was committed to the Utica State Hospital and the child was adjudged by the Children's Court of Albany to be a neglected child and was committed temporarily to St. Coleman's Home until further order of the court. In March of 1946, the infant's father appeared in Children's Court of Albany County, paid a sum of money for her support and thereafter from time to time has made further like payments. In July of 1947, the father again petitioned the Supreme Court in an effort to obtain custody of the infant. That application was directed against his wife who was then an inmate of the Utica State Hospital and was denied without prejudice to a further application.

In this proceeding the infant's father seeks the release of his daughter to his custody by means of a writ of habeas corpus directed against St. Coleman's Home upon the grounds that the Children's Court order of commitment was void and that he is morally, physically and financially able to care for his daughter. The order of commitment has been held to be valid.

The court, however, directed the taking of common-law proof on the other issues. Special guardians to represent the infant and her mother at the hearing were appointed.

The Court of Appeals in *People ex rel. Kropp* v. *Shepsky* (305 N. Y. 465, 468, 469), recently said: " ' No court can, for any but the gravest reasons, transfer a child from its natural parent to any other person * * * since the right of a parent * * * to establish a home and bring up children is a fundamental one and beyond the reach of any court (*Meyer* v. *Nebraska,* 262 U. S. 390, 399).' (*People ex rel. Portnoy* v. *Strasser, supra,* 303 N. Y. 539, 542.) In the light of that principle, we find no basis for denying custody of the child to petitioner, its natural parent, who did not abandon it and against whom no showing of present unfitness has been made. * * * he who would take or withhold a child from mother or father must sustain the burden of establishing that the parent is unfit and that the child's welfare compels awarding its custody to the nonparent. (See, e.g., *People ex rel. Portnoy* v. *Strasser, supra,* 303 N. Y. 539, 542; *Matter of Gustow, supra,* 200 N. Y. 373.) " The defendant and special guardians in this proceeding have not shown that the relator is presently unfit to have the custody and tuition of his own child and the court so finds.

" The state, in confiding helpless or abandoned children to the care of public institutions, is not punishing the parents, much less the children themselves. It is acting as *parens patriæ* to promote the welfare of its wards ". (*People ex rel. Riesner* v. *New York Nursery & Child's Hosp.,* 230 N. Y. 119, 122–123.) The jurisdictional basis for the order of commitment was a finding that she was neglected. (Children's Court Act, § 6, subd. 1; *Matter of Cole,* 212 App. Div. 427, 428.) " Until notice to a parent or custodian, the judgment, with any commitment based upon it, is not final, but provisional (*People ex rel. Van Riper* v. *N. Y. Catholic Protectory,* 106 N. Y. 604, 613.) It remains subject until then to the parents' right to appear in any court of competent jurisdiction and demand the custody for themselves (*Farnham* v. *Pierce,* 141 Mass. 203, 205, 206; *Milwaukee Industrial School* v. *Supervisors,* 40 Wis. 328; *Cincinnati House of Refuge* v. *Ryan,* 37 Ohio St. 197; *Petition of Ferrier,* 103 Ill. 367; *Whalen* v. *Olmstead,* 61 Conn. 263). Even after notice, the award is subject to revision upon proof of changed conditions (*Matter of Knowack,* 158 N. Y. 482)." (*People ex rel. Riesner* v. *New York Nursery & Child's Hosp., supra,* p. 122.)

The infant is now a young lady almost sixteen years of age who has completed one and one-half years of her high school

course with above average grades. The court interviewed her privately. Her indicated wish then was to remain in the institution. Since, she has written the court that she would prefer to have her custody awarded to her maternal aunt and her husband who reside in the city of Watervliet. She impressed the court as intelligent, pleasant, sincere and ambitious. Were this a contest for custody between parents or relatives, the preference of a mature infant would be entitled to weight. (*Matter of Bock [Breitung]*, 280 N. Y. 349; *Matter of Stuart*, 280 N. Y. 245; *Osterhoudt* v. *Osterhoudt*, 48 App. Div. 74; *Matter of Ingersoll*, 192 Misc. 158; *Matter of Agnello*, 72 N. Y. S. 2d 186.) Where, however, the choice is solely between institutional custody and the fundamental right of a parent not proved to be unfit, the infant's wishes are not a decisive element in determining the place where she shall live and be supported. The court feels that the infant should not be removed from the school which she attends until the completion of the present school year. Her custody is awarded the relator but the order shall not become effective until five days thereafter.

The allowances to the guardians will be fixed in the order to be entered hereon which will be settled on notice of three days.

Proceed accordingly.