J. HALPERIN & COMPANY, a Partnership, Appellant, v. EAST BROOKLYN SAVINGS BANK, Respondent.— In an action to recover damages for alleged breach of a contract by which defendant agreed to accept an assignment of a mortgage and pay to plaintiff, acting in the nature of a broker, a premium or commission therefor, plaintiff appeals from so much of an order as denied its motion for summary judgment and as, on renewal and reconsideration, adhered to the original decision. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.

CITY OF NEW ROCHELLE, Respondent, v. ALICE S. STEVENS, as Administratrix with the Will Annexed of CHARLES G. BANKS, Deceased, Appellant.— In this action in rem to foreclose tax liens, the County Court of Westchester County made an order granting respondent's motion for summary judgment and denying a cross motion to amend an answer, and judgment was entered in accordance therewith. Order and judgment unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.

In the Matter of GORDON MACLAREN, Respondent. MARION G. KINCAID, Appellant.— This proceeding was instituted in the Supreme Court, Westchester County, to obtain custody of petitioner's infant daughter who is now living with her mother, his divorced wife, on the ground that the mother has become a chronic alcoholic, with the result that the child's health has become impaired and that she is neglected. As a separate defense, the mother has pleaded that the Children's Court of the County of Westchester has exclusive jurisdiction of this proceeding. The Special Term granted petitioner's motion to strike out this defense. The mother appeals from the order granting the motion. Order affirmed, without costs. Despite the statutory grant of authority to the Children's Courts in certain enumerated situations, the plenary jurisdiction of the Supreme Court to determine the proper custody of an infant child remains unabridged and unimpaired. (Children's Court Act, § 28; L. 1922, ch. 547; *People ex rel. Riesner* v. *New York Nursery & Child's Hosp.,* 230 N. Y. 119, 124; *Matter of Gilmore,* 264 App. Div. 172, 173; *Matter of Brock,* 245 App. Div. 5, 12.) If the child be neglected or abandoned, within the statutory definition of those terms (Children's Court Act, § 2, subd. 4; L. 1922, ch. 547), such fact, if established by the proof, serves only to confer upon the Children's Court a limited jurisdiction which is, to the extent to which jurisdiction is granted, concurrent with the jurisdiction of the Supreme Court; it does not and it cannot operate to vest in the Children's Court exclusive jurisdiction as against the Supreme Court or oust the Supreme Court of its traditional plenary jurisdiction as *parens patriae* — a jurisdiction which has been preserved by the Constitution (see cases cited above; also: *Finlay* v. *Finlay,* 240 N. Y. 429, 432-434; cf. *Matter of Cole,* 212 App. Div. 427, 428; *Matter of Walsh,* 146 Misc. 604, 605; *Matter of Caposella,* 255 App. Div. 987). Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.