■ In the Matter of JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. SEYMOUR SANDERS et al., Appellants.— Appeal from an order sustaining a writ of habeas corpus and directing appellants to return an infant

to the custody of respondent. Order affirmed, without costs. Respondent as an authorized agency, in conjunction with the Commissioner of Welfare of the City of New York, is vested by legislative enactment with the right to the custody of the infant (Social Welfare Law, § 383, subd. 2; Administrative Code of City of New York, §§ 603–1.0, 603–2.0). These statutes constitute a valid exercise of the Legislature's reserved power over infants, responsibility for whose custody devolves upon the community. The Legislature possesses the reserved power, as successor to the Crown, to function and legislate in its capacity of *parens patriæ*. The historic delegation to the Chancellor of power over infants which later devolved upon the Supreme Court as successor to the Court of Chancery, did not serve to divest the Crown, or the Legislature as its modern counterpart, of all power over that subject matter (*Matter of Brock*, 245 App. Div. 5, 11–12). Appellants have no legal right with respect to the infant's custody and have no standing to contest the determination of the Special Term that return to the custody of the respondent would be in the infant's best interests, merely because of their affection for the infant and her affection for them and the devoted care which they have given her while she was in their home. It may not be assumed that the infant will not be properly cared for under the direction and control of respondent, which by law has the legal right to remove the infant from the care of the appellants, to whom the infant was merely boarded out (Social Welfare Law, § 383; cf. *People ex rel. Jewish Child Care Assn. of N. Y.* v. *Handsman*, 281 App. Div. 980, motion for leave to appeal denied 282 App. Div. 697; *People ex rel. Anonymous* v. *Perkins Adoption Soc.*, 271 App. Div. 672, affd. 297 N. Y. 559). In a proceeding such as this, custody could be determined on consideration only of the superior right of the authorized agency (*People ex rel. Our Lady of Victory Infant Home* v. *Venniro*, 126 Misc. 135, 139). However, that right, granted by statute, has been further supported by the determination of an able and experienced Justice, who saw and heard the witnesses, that the continued exercise by respondent of its custodial right will be in the best interests of the infant. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Beldock and Ughetta, JJ., dissent and vote to reverse the order and to dismiss the writ, with the following memorandum: On June 3, 1953, the infant here involved was born. Her care was assumed by the New York City Department of Welfare. After the department had turned the infant over to respondent, it placed her in the home of appellants on July 30, 1954 for foster care. The infant was with appellants for three and a half years, when on November 15, 1957 respondent obtained a writ of habeas corpus seeking the return of the infant, not for the purpose of returning her to her mother, but for the purpose of placing her in another foster home. The Special Term sustained the writ and directed appellants to return the infant to respondent on the theory that the court was required to accept the judgment of respondent as to the best interests of the infant, if such judgment was not capricious. In our opinion, an order based on such a theory may not be sustained. The Supreme Court, as successor to the prerogative of the Chancellor, has sole jurisdiction to determine, on the basis of their welfare, the custody of minor children in this State. (*Matter of Bachman* v. *Mejias*, 1 N Y 2d 575, 581.) This jurisdiction may not be limited by legislation. (*People ex rel. Riesner* v. *New York Nursery & Child's Hosp.*, 230 N. Y. 119, 124; *People ex rel. Mayor of City of N. Y.* v. *Nichols*, 79 N. Y. 582, 590.) The court does not act to determine rights as between the parties to an action or proceeding such as the present, but solely for the protection of infants qua infants. (*Finlay* v. *Finlay*, 240 N. Y. 429, 434.) In the proceeding at bar it is not respondent's judgment

as to what is for the best interests of the child, but that of the court which is determinative. The custody of an infant may not be controlled by the established practice of any organization no matter how noble its motive may be. Like any other qualified witness, respondent was entitled to present proof before the court, but the responsibility for determining what course would aid the child's welfare was solely and independently the duty of the court in the exercise of its vast powers to deal with the custody of infant children. The evidence before the Special Term does not warrant the conclusion that the infant's present placement with appellants should be disturbed. Appellants have concededly provided the infant with a home of comfort, care and mutual love. A psychiatrist testified that the infant is now in a critical period of emotional adjustment and that a change in her location to a "neutral" environment, as proposed by respondent, might adversely affect her, whereas continuance in her present home would be beneficial to her. Admittedly, the infant's mother is now unable to receive her into a suitable home, and no one is presently able to predict when this possibility might eventuate. There was no specific proof offered with respect to the new foster home to which the infant was to be sent. Under these circumstances, the record affords no basis for a conclusion other than that the present welfare of the infant requires that she be continued in appellants' home.