Bernard S. Meyer, J.
Relator is the mother of three children now in custody of the Nassau County Department of Social Services under an order entered in the Family Court on March 3, 1970. The petition alleges that the children were taken into custody without notice to relator and that she thereafter appeared before a Judge of the Family Court on three occasions. The County Attorney served a return on behalf of the Commissioner of Social Services only, but stated on argument that he also represented the Family Court Judge who made the order, and the return is therefore, treated as made on behalf of both. Neither the petition nor the return annexes a copy of the order of March 3, 1970, nor does either allege what transpired on March 3, 1970 at the time the order was made, nor are minutes of any March 3,1970 or later proceeding before this court. The only document before this court that could have been before the Family Court on March 3, 1970 is a child abuse petition bearing Index No. E-15-70 made by a Juvenile Aid Bureau officer on March 3, 1970 with respect to one of the children.
Section 1112 of the Family Court Act provides that “An appeal from an intermediate or final order or decision in a child abuse proceeding may be taken as of right to the appellate division of the supreme court and shall have preference over all other matters. Pending the determination of such appeal, such order or decision shall be stayed where the effect of such order or decision would be to discharge the child ”. CPLR 7002 (subd. [a]) on the other hand provides that ‘ ‘ a party in a child abuse proceeding subsequent to an order of the family court, may petition without notice for a writ of habeas corpus to inquire into the cause of * * * detention and for deliverance ”, and CPLR 7009 (subd. [a], par. 2) provides for service of notice, before a hearing is held on the writ, 1 ‘ where a person is detained by order of the family court * * * upon the judge who made the order ”, Evidence from consideration of those provisions together is the fact that habeas corpus is not intended and cannot be used as a means of appeal from the Family Court order. Since article 10 of the Family Court Act places jurisdiction in child abuse proceedings in the Family Court, that court rather than this is the proper forum to determine whether a child is “ abused” within the meaning of section 1012 of the Family Court Act. Moreover, both the wording of section 1112 and the rule against improper co-ordinate review (see People ex rel. Klein v. Krueger, 25 N Y 2d 497, 502) require that any error in the Family Court’s determination of that question be corrected by the Appellate Division. It is, then, only when and *140 to the extent that the Family Court acts without or in excess of its statutory authority or in violation of constitutional rights that the habeas corpus court can review and modify or undo the Family Court’s act (see People ex rel. Klein v. Krueger, supra, pp. 502-503 and Thrasher v. United States Liab. Ins. Co., 19 NY 2d 159, 165-166).
Determination of this proceeding turns, therefore, on whether the Family Court had jurisdiction to issue the order of March 3, 1970. Jurisdiction of the person it had, because relator and the children reside in Nassau; jurisdiction of the subject matter it had under articles 3 and 10 of the Family Court Act. If, however, it exceeded the authority given it by those articles, its action in excess of the statutory authority granted it may be set aside. What authority has the Family Court to make a temporary removal order in a child abuse case?
The only provision in article 10 of the Family Court Act on the point is section 1019, which permits such an order after ‘ ‘ preliminary hearing to determine the sufficiency ’ ’ of allegations of the petition that the custodian ‘ ‘ is addicted to the use of narcotic drugs ”. Neither in the papers nor on argument was it suggested that relator is addicted. However, an ‘ ‘ abused child ” is also a “ neglected child ” (Family Ct. Act, § 312, subd. [b]) and the removal provisions of sections 322 and 327 constitute authority in cases falling within their scope for a temporary removal order in a child abuse proceeding. Section 322 authorizes temporary removal before filing a petition if (1) the parent is first informed of intent to apply for an order and refuses consent, (2) it appears that immediate removal is necessary to avoid imminent danger to the child’s life or health, and (3) there is not time to file a petition and hold a preliminary hearing. However, relator denies that her consent was ever asked, and the return does not contradict her denial. Section 327 also authorizes temporary removal if the court finds ‘ ‘ after hearing that there is substantial probability ’ ’ that the child will be found neglected “ or that, pending entry of a final order of disposition, temporary removal is necessary to avoid an imminent risk to the child’s life or health ”. The hearing required by that section is to be made after presentation of evidence (see Family Ct. Act, §§ 344, 345, 346, 832, 833, 834). If the order of March 3, 1970 were made, as relator argues, without presentation of any evidence, it would be an order made in excess of the court’s authority (see Matter of Cardinal [Munyan], 30 A D 2d 444; Matter of Urdianyk, 27 A D 2d 122; Matter of Schwartz v. Schwartz, 23 A D 2d 204, 207).
*141 Since, as noted above, it is not possible to ascertain from the papers before the court whether the March 3, 1970 order was made in excess of authority, a hearing on the writ is required. While such a hearing may be summary in nature, CPLB 7009 (subd. [e]), it will be concerned not with the merits of the abused child proceeding, but simply with the ‘ ‘ jurisdictional ’ ’ issue whether the order was made in excess of authority. As a practical matter, relator’s purposes will be more directly served if the hearing called for by article 10 of the Family Court Act is promptly held, and, if it is, the “ jurisdictional” question will become moot. A short-form order has, therefore, been made setting this proceeding down for hearing before this court at Special Term, Part I at 2:00 p.m. on Tuesday, April 21, 1970, unless before that time the Family Court has heard the child abuse petition on the merits. Since the Family Court order is presumed regular, and in view of the legislative policy expressed in section 1112 of the Family 'Court Act, custody of the children will remain with respondent Commissioner pending final disposition of the writ (CPLB 7010, subd. [c]).