Felix J. Aulisi, J.
In this habeas corpus proceeding, relator seeks the return of infant children now in the custody of the Fulton County Department of Social Services.
The issue to be determined is whether or not the Family Court acted without or in excess of its statutory authority or in violation of constitutional rights. In that event, this court can review and modify or undo the Family Court’s act (People ex rel. McKay v. Barbaro, 63 Misc 2d 138).
Under article 10 of the Family Court Act, the Family Court has exclusive original jurisdiction over child protective proceedings (§ 1013). This article is “ designed to provide a due process of law for determining* when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that his needs are properly met ” (§ 1011). This court is of the opinion that the due process clause of the Fourteenth Amendment of the United States Constitution requires that juvenile court hearings measure up to the essentials of due process and fair treatment (see Matter of Cardinal [Munyan], 30 A D 2d 444).
The record before this court is clearly deficient to .support any argument that due process was accorded the relator. Pursuant to article 10, hearings are held in two parts; first is the fact-finding hearing to determine whether children are neglected, and following that, if findings ,of neglect are made, the court must, as soon as possible, proceed with the dispositional hearing, that is, to determine what disposition to make of the case (§1047).
The commissioner’s Exhibit No. 2 purporting to be the hearing held on October 7,1974, was merely a colloquy between the court, relator and his wife, and agency representatives, and without any sworn testimony or evidence of any kind, the court made the disposition that “ the children will remain temporarily in the custody of the Department of Social Services until this matter can be taken care of with Mrs. Fisher. Then I will give her custody and remove custody from the Department of Social Services.”
Although the court advised the relator of his right to an attorney and to an adjournment for that purpose, section 1043 was not followed, which mandates that the court ‘ ‘ shall advise *907 the parent * * * of his right to have counsel assigned by the court in any case where he is financially unable to obtain the same ” (Family Ct. Act, § 1043, .subd. [a]); the relator was never given an opportunity to freely and knowingly plead to the petition.
On the entire record, I conclude and decide that the writ must be and it is hereby sustained.