OPINION OF THE COURT
Claire T. Pearce, J.
The petitioner, the natural mother of the subject child, *252 seeks the return of the child by writ of habeas corpus, dated December 28, 1984 and filed in Queens County Supreme Court, 10 months after an order of the Queens County Family Court granting the respondents herein, the Commissioner of Social Services and St. Christopher—Ottilie, a foster care agency, custody and guardianship pursuant to Family Court Act § 631 (c); § 634 and Social Services Law § 384-b (4) (d), for the purpose of securing an adoption.
The instant proceeding, apparently filed initially pursuant to CPLR 7002 was referred to the Family Court to hear and determine (under Family Ct Act § 651), but was not set down before this court until February 24, 1986; at which time, the petitioner failed to appear, but was represented by counsel.
On February 24, 1986, the respondents renewed motions to dismiss this proceeding and all sides rested on prior submissions to the Supreme Court.
This court for reasons stated below dismisses this petition and directs that respondents, the Commissioner of Social Services and/or St. Christopher’s — Ottilie, file a petition for adoption of the subject child in a court of competent jurisdiction within 60 days from the service of this order.
The petitioner appeared in Family Court and was represented by counsel at a prior proceeding to terminate her parental rights, which was protracted over a period of 12 months; a final order was entered at its conclusion. No appeal was taken from the decision and order of the Family Court dated February 8, 1984.
The child subject to these proceedings was found to be neglected in an earlier Family Court proceeding and on November 13, 1980 was placed away from petitioner pursuant to Family Court Act §§ 1052, 1055. He has resided in a preadoptive home awaiting adoption throughout the termination proceeding in Family Court and during the unconscionable interim from the filing of the instant petition to the present.
The issue presented is whether a parent or custodian may thus bring a writ of habeas corpus, where after a hearing and determination on the merits, parental rights have been permanently extinguished and custody and guardianship have been transferred to others by a final order of the Family Court. (Family Ct Act § 651 provides that the Family Court has jurisdiction to determine issues of custody and visitation of minors with the same powers possessed by the Supreme Court in addition to its own powers.) No challenge to the court’s jurisdiction or authority has been raised by petitioner.
*253 The issue of care, custody and guardianship and all rights appurtenant to parenthood are the subject of proceedings to terminate parental rights. (Family Ct Act §§ 611, 631, 634; Social Services Law § 384-b; Santosky v Kramer, 455 US 745.) Provisions of CPLR 7002 relative to the issuance of writs of habeas corpus in child abuse proceedings (Family Ct Act art 10) under appropriate circumstances are inapplicable to proceedings to terminate parental rights (Family Ct Act art 6).
Custody as it pertains here is not wholly analogous to a question of custody relative to a writ to free an adult alleged to be illegally detained. (People ex rel. Riesner v New York Nursery & Child’s Hosp., 230 NY 119; People ex rel. Rich v Lackey, 139 Misc 42.) The best interests of the minor are of primary consideration and finally determinative of the outcome of proceedings initiated under either Family Court Act article 6 or CPLR article 70 (Matter of Star Leslie W., 63 NY2d 136; Matter of Bennett v Jeffreys, 40 NY2d 543; People ex rel. Riesner v New York Nursery & Child’s Hosp., 230 NY 119, supra), making the gravamen of this proceeding identical to that previously heard and determined by the Family Court on December 28, 1984. The parties are likewise identical.
The issue of custody raised here was necessarily subsumed in the prior determination that adoption is in the child’s best interest. The sole issue before the court is res judicata. (Kret v Brookdale Hosp. Med. Center, 93 AD2d 449, affd 61 NY2d 861; Kossover v Trattler, 82 AD2d 610; People ex rel. Glendening v Glendening, 259 App Div 384, affd 284 NY 598; see, CPLR 7003.) Therefore, the petition must be dismissed under CPLR 3211 (a) (5).
The referral of this matter to the Family Court for the purpose of granting such a dismissal has unfortunately served to ensure an extraordinary delay in initiating the adoption proceedings with attendant additional costs in court and legal resources; more importantly, it has resulted in continued instability and emotional upheaval in the life of the child, which is directly contrary to the explicit expression of intent of the Legislature (Social Services Law § 384-b [1] [a] [iv]; [b]).
The only recourse open to a parent or custodian in disagreement with a Family Court’s final decision and order as to the child’s best interest, custody and guardianship in a "termination” proceeding, where respondent has been fully heard, is a motion for reconsideration by the Judge so determining pursuant to CPLR 4404, 5015, as appropriate, or a timely appeal. *254 (Family Ct Act §§ 1111, 1112, 1113; People ex rel. McKay v Barbaro, 63 Misc 2d 138; Matter of Schmidt v Schmidt, 44 Misc 2d 661.)