W. B. Munson v. J. J. Terrell, Commissioner of the General
Land Office et al.

No. 1758.  Decided December 18, 1907.

**Mandamus—Laches—Pleading.**

Though the defense of laches on the part of plaintiff must, in this State,
be pleaded in order to be available to a defendant, yet, in an action for man-
damus, where relief rests in the discretion of the court, the delay of plaintiff
for fifteen years after his rights accrued to institute a suit to compel the Com-
missioner of the General Land Office to issue a patent, though not pleaded by
respondent, is ground for denying relief and dismissing the suit without pre-
judice.  (Pp. 220, 221.)

Original petition to the Supreme Court for writ of mandamus
against Terrell as Commissioner of the General Land Office.  The
questions presented and argued turned on the validity of the location
upon Mustang Island of the certificates under which relator claimed
patent.

*James & Yeiser,* for relator.

*R. V. Davidson,* Attorney-General, and *W. E. Hawkins,* Assistant
for respondent, Terrell.

*Gregory, Batts & Brooks,* for the corespondents, Roberts and
others.

Mr. Chief Justice Gaines delivered the opinion of the court.

This is a petition for the writ of mandamus to compel the Com-
missioner of the General Land Office to issue a patent to relator
upon a survey on Mustang Island which was made by virtue of the
unlocated balance to a certificate granted by special act of the
Legislature to William A. A. Wallace for 1280 acres of land.  Sun-
dry parties are alleged to be claiming parts of the survey and they
are made corespondents.

The land was surveyed by virtue of the unlocated balance of
the certificate on the 2d day of August, 1892, and the field notes
were returned into the General Land Office the 20th day of the
same month.  So that on the day the field notes were returned,
if found correct, the relator or those under whom he claims, were
entitled to demand that a patent be issued by the Commissioner and,
if refused, to apply for a writ of mandamus to compel him to do so.
The law which authorized this court to issue a writ of mandamus
against any "officer of the state government, except the governor
of the state" was in force (Laws 1892 p. 21), and went into effect
before the field notes were returned.

After a party has slept upon his rights for a period of fifteen
years, ought that court to undertake to afford him relief?  We think
not.  Laches is an obstacle to the remedy of mandamus—dependent
upon the circumstances of the particular case (Depovster v. Baker,
89 Texas, 155; People v. Chapin, 104 N. Y., 96; Chinn v. Trustees,

32 Ohio St., 236; People v. Common Council, 78 N. Y., 56; State v. Kirby, 17 S. C., 563.) The petition in this case was filed five years after the longest period allowed by the statute of limitation for the institution of suits in this State; and eleven years after the action would have been barred if applicable to the Commissioner of the General Land Office. There are no allegations in the petition whatever which offer any excuse for the delay.

But laches has been pleaded in this case, neither by the Commissioner of the General Land Office nor by the corespondents. The corespondents pleaded the statute of limitation as in case of an action of trespass to try title. We are therefore confronted by the question: Will the court apply the rule in the absence of pleading of its own motion? "The doctrine which is conceived to be the better one, that laches need not be pleaded to be available as a defense, has not been universally accepted. It is held by many respectable authorities that in order to secure the benefit of this defense, advantage of it must be taken by some appropriate method of pleading." (12 Ency. Pl. & Prac., 830.) In equitable suits in this State laches if relied on as a defense must be pleaded. (DeWitt v. Miller, 9 Texas, 239; Vardeman v. Lawson, 17 Texas, 17.) But it is not so in a proceeding for a *mandamus*. It is an extraordinary writ and rests largely in the sound discretion of the court. An application for the writ should not be granted, unless the petition shows every fact necessary to entitle the relator to the relief sought. In Teat v. McGaughey, (85 Texas, 478) we denied a writ of *mandamus* on the ground of laches. We have examined the record in that case and find that laches was not pleaded by respondents. (See also on this point Arberry v. Beavers, 6 Texas, 457.)

It would seem that limitation of four years would be available to defeat the action, provided it had been pleaded. (Rev. Stats., art. 3358.)

The petition for *mandamus* is dismissed without prejudice.