JENSEN v. HINCKLEY, Superintendent of State Industrial School.

No. 3410.   Decided December 1, 1919.   (185 Pac. 716.)

1. INFANTS—NOTICE OF DELINQUENCY HEARING JURISDICTIONAL. Service of notice under Comp. Laws 1917, section 1818, or voluntary appearance amounting to waiver, is necessary to confer jurisdiction on the juvenile court to determine right to custody of a delinquent child, but not to confer jurisdiction, pursuant to section 1815, to determine delinquency.[1]   (Page 310.)

2. INFANTS—NO "WAIVER" OF NOTICE OF DELINQUENCY PROCEEDINGS BY APPEARANCE OF PARENT AS WITNESS. The mother of a minor son, against whom a delinquency complaint had been filed in the juvenile court pursuant to Comp. Laws 1917, section 1815, and not served with notice thereof, as required by section 1818, held not to have waived service of notice by appearing in court merely as a witness; "waiver" being an intentional relinquishment of a known right.[2]   (Page 311.)

Appeal from District Court of Salt Lake County, Third District; *Wm. H. Bramel*, Judge.

Habeas corpus by Louise Jensen against E. S. Hinckley, Superintendent of the Utah State Industrial School.

From judgment quashing the writ and remanding petitioner's son to custody, petitioner appeals.

Judgment remanding the son to custody VACATED and ANNULLED, and release and restoration of custody to petitioner ordered.

*A. A. Duncan*, of Salt Lake City, for appellant.

[1] *Mill* v. *Brown*, 31 Utah, 475, 88 Pac. 609, 120 Am. St. Rep. 960; *Stoker* v. *Gowans*, 45 Utah, 556, 147 Pac. 911, Ann. Cas. 1916E, 1025.

[2] *Schwab Safe & Lock Co.* v. *Snow*, 47 Utah, 211, 152 Pac. 171; *O'Donnell* v. *Parker*, 48 Utah, 578, 160 Pac. 1192.

Appeal from Third District.

*Dan B. Shields*, Atty. Gen., and *O. C. Dalby, James H. Wolfe*, and *H. Van Dam, Jr.*, Asst. Attys. Gen., for respondent.

FRICK, J.

The plaintiff, hereinafter called petitioner, filed her petition in the district court of Salt Lake county alleging in substance that Gunnard Jensen, her son, a minor fourteen years of age, is unlawfully restrained of his liberty by the defendant as superintendent of the state industrial school, setting forth the facts respecting the illegality of the detention and praying that a writ of habas corpus issue on behalf of said minor. A writ was duly issued by said court to which the defendant made due return, and, upon a hearing upon the petition and return, the writ was quashed, and the minor was remanded to the custody of the defendant, where said minor now is

The petitioner appeals from the judgment of the district court remanding said minor as aforesaid.

The facts, all of which are conceded, in substance are: That on July 31, 1919, a complaint was duly filed in the juvenile court of Salt Lake county in which said minor was charged with an act of delinquency, to wit, the taking and driving away of an automobile belonging to another without the knowledge or consent of the owner; that on August 5, 1919, a hearing was had on said charge; that at said hearing the minor admitted the facts charged; that the petitioner, who is the mother of said minor, appeared in the juvenile court at said hearing and gave testimony under oath; that the juvenile court found that the minor was a delinquent within the purview of our statute, and also found that his parents "are unfit to have and continue in the custody of said minor child by reason of the fact that the boy is not amenable to the wishes of his parents and the parents have been unable to give him the training which would keep him away from such offenses."

The juvenile court therefore entered an order or judgment committing the minor to the industrial school aforesaid, and by virtue of that order he was placed into and now is in the custody of defendant.

The record discloses the fact that the notice provided by Comp. Laws Utah 1917, section 1818, was not served on the parents of the minor nor upon either one of them. That section reads as follows:

"Upon filing such complaint, the clerk or court shall set the same for hearing; notice of said hearing shall be served by the probation officer, or sheriff or any peace officer, on the parents, parent, custodian, or legal guardian of said child residing within the state of Utah, which notice shall be substantially in the following form, **to wit:**

"(Title of court and cause.)

"To —— (here designate relationship): You are hereby notified to appear within two days after the service of this notice upon you, if served within the county wherein the above proceeding is pending, otherwise within five days, and assert and defend any rights to custody, control, or guardianship you may have or claim over or in the above-named child; otherwise your default will be entered and the court will proceed to hear and determine your said rights or supposed rights in accordance with the law and the evidence.

"The return of the officer showing such service shall be conclusive."

Comp. Laws Utah 1917, section 1815, defines the jurisdiction of the juvenile courts of this state. That section reads:

"The juvenile court shall have jurisdiction in all cases relating to the custody, detention, guardianship of the person, probation, neglect, dependency, delinquency, examination, trial, and care of children who are under eighteen years of age, and also have jurisdiction over adult persons for all misdemeanors committed by them relating to the custody, detention, guardianship, probation, neglect, dependency, delinquency, and care of children who are under eighteen years of age, as is now or may be provided by law. In any case in which the court shall find a child neglected, dependent, or delinquent, it may, in the same or in any subsequent proceedings, upon the parents of said child or either of them being duly summoned or voluntarily appearing, proceed to inquire into the ability of such parent or parents to support the child or contribute thereto. The court may enter such order or decree as shall be according to equity in the premises, and may enforce the same in any way in which a court of equity may enforce its orders or decrees."

Counsel for the petitioner contends that in view that the notice provided for in section 1818 supra, was not served upon the parents of the minor, nor upon either one of them, therefore the juvenile court exceeded its power or jurisdiction in

entering judgment that the parents of such minor were unfit to retain the custody of him. In that connection counsel contends that under the decision of this court in *Mill* v. *Brown,* 31 Utah, 475, 88 Pac. 609, 120 Am. St. Rep. 960, it is necessary for the juvenile court to find: (1) That the minor is a delinquent within the purview of our statute, and (2) that the parents are morally unfit to continue in the custody of the child. He further insists that, in order to determine and adjudicate the right to the custody of the parents, it is essential that they be served with the statutory notice or that they voluntarily appear and waive such notice. He vigorously insists that the finding of both of the foregoing facts is essential to the jurisdiction of the juvenile court. Upon the other hand, the Attorney General, who appears on behalf of the defendant, while conceding that the notice is jurisdictional and that the facts must be found as stated in the case of *Mill* v. *Brown,* supra, nevertheless, contends that, inasmuch as the petitioner appeared in the juvenile court as aforesaid, she waived notice, and therefore the juvenile court did not exceed its jurisdiction in adjudicating that the parents of said minor were unfit to continue in the custody of him. In support of his contention the Attorney General cites and relies on the following cases: *De Kay* v. *Oliver,* 161 Iowa, 550, 143 N. W. 508; *King* v. *Sears,* 177 Iowa, 163, 158 N. W. 513; *Heber* v. *Drake* (Ind. App.) 118 N. E. 864; *Juvenile Court of Shelby County* v. *State,* 139 Tenn. 549, 201 S. W. 771, Ann. Cas. 1918D, 752.

We shall again refer to those cases.

It will be observed that in section 1818, supra, it is required that the notice be served as there provided, or that a voluntary appearance be made as provided in section 1815. That such a notice is necessary to confer jurisdiction upon the juvenile court to determine and adjudicate the fitness or unfitness of the parent, guardian, or custodian of the minor child to have custody of such child, is assumed rather than decided by this court in the case of *Stoker* v. *Gowans,* 45 Utah, 556, 147 Pac. 911, Ann. Cas. 1916E, 1025. We are clearly of the opinion, however, and now hold, that the service of such notice or

voluntary appearance amounting in legal effect to a waiver thereof is necessary to confer jurisdiction upon the juvenile court for the purpose of determining and adjudicating the parent's or guardian's right to custody of a delinquent child. Lest we be misunderstood, however, we desire to state here that the service of such a notice is not necessary to confer jurisdiction upon the juvenile court in order to determine and to adjudicate the delinquency of the child. That fact may be determined by the juvenile court upon a hearing on the charge preferred against the child without notice to the parents. That court may, however, not go farther and also adjudge the parent's or guardian's right to the custody of the child, as the case may be, without serving the notice aforesaid, or, in lieu thereof, making a finding upon proper evidence that the parent, etc., voluntarily appeared and by that means waived notice. This case affords a striking illustration of the injustice that might result to parents, especially if they are poor, if their unfitness to have custody of their own child could be determined against them without notice or without an opportunity to waive such notice. The minor in question here is but fourteen years of age. The judgment of the juvenile court committing him to the state industrial school under our statute may continue in effect until he has reached the age of majority, when, for that reason alone, he must be discharged from the institution. When he has attained that age, however, the parent or guardian is deprived of the right of custody by virtue of law. If therefore an adjudication of the parent's right to custody can be made without notice or voluntary appearance amounting in legal effect to a waiver of notice, a parent may be deprived of the right of custody for and during the major portion of the child's minority, without giving such parent any right to be heard upon his fitness and right to the custody of his own child. Surely such a result should be avoided in this enlightened age if possible.

The Attorney General does not contest the foregoing propositions, but he insists that the petitioner by her voluntary appearance waived the statutory notice and conferred juris-

diction upon the juvenile court. The question therefore is: Did she do so? The facts upon that subject are specifically found by the district court and are as follows:

"That no formal notice of the said proceeding or of the said hearing was given to or served upon the plaintiff, Louise Jensen, the mother of said minor, and the said Louise Jensen did not expressly waive notice of the said proceedings, or of the said hearing; that the said hearing was had at the time so set and at the said hearing the said plaintiff, Louise Jensen, was present in court and while there was called as a witness by the judge of said court and was asked and she answered certain questions that were put to her by the judge and gave evidence, but the questions and answers are not of record, and the subject-matter of her testimony does not appear from the record of said hearing; that the record does not show whether or not the said Louise Jensen was informed that her custody of the said minor was involved in said proceeding or that she would be called upon to defend any right she had to the custody of said minor or to present evidence of her fitness or unfitness to have the custody of said minor."

From those facts the district court found as a conclusion of law that the petitioner waived the service of notice and that the juvenile court had jurisdiction to adjudicate the right of the custody of the minor.

It is conceded that the father of the minor was temporarily absent from the state of Utah at the time of the hearing and knew nothing concerning the matter.

Do the facts as found justify the contention that the petitioner waived the service of the statutory notice by appearing in court as stated in the findings? We are all of one mind that they do not. In 4 Words and Phrases, Second Series, 1231, "waiver," as applicable to a situation like the one at bar, is defined thus:

"A 'waiver' is an 'intentional relinquishment of a known right, and there can be no waiver, unless the person against whom the waiver is claimed had full knowledge of his rights. * * * Neither will waiver be implied from slight circumstances, but must be evidenced by an unequivocal and decisive act clearly proven.' To be valid a waiver must be made intentionally and voluntarily. The existence of an intent to waive is a question of fact, and must be made to clearly appear"—citing *Hopkins* v. *Northwestern Nat. Life Ins. Co.*, 41 Wash. 592, 83 Pac. 1019, 1020, 1021.

This court is committed to the doctrine there stated.

*Schwab Safe & Lock Co.* v. *Snow*, 47 Utah, 211, 152 Pac. 171, and *O'Donnell* v. *Parker*, 48 Utah, 578, 160 Pac. 1192

True, if the petitioner had testified respecting her right to the custody, or had been heard, or had been given the opportunity and right of being heard upon that question, it might well be that she had waived the right to notice for the reason that she had been afforded an opportunity to exercise the right for which notice is contemplated by the statute. The record being silent upon that subject, however, we cannot assume that she testified respecting her right to custody; nor, in the face of the findings of the district court which we have before set forth, can it be said as a matter of law that she waived any right. Indeed those findings lead to a precisely opposite conclusion. Nor, in view of said findings, is there anything in the cases cited by the Attorney General to which we have referred which leads to a conclusion different from that we have arrived at. Indeed, the facts in every case cited, except the case of *Juvenile Court* v. *State*, 139 Tenn. 549, 201 S. W. 771, Ann. Cas. 1918D, 752, are clearly distinguishable from those in the case at bar. In the Tennessee case the court found that the mother by her acts and conduct in court and with the juvenile court officers had waived the statutory notice. As we have already pointed out, however, such a conclusion under the facts found in this case is not permissible. It is not necessary to devote further time to a review of those cases.

It follows from what has been said that the juvenile court exceeded its power in adjudging that the petitioner and her husband were unfit custodians of the minor. It does not follow from that, however, that the said court was also without jurisdiction to determine and to adjudicate the delinquency of the minor. As we have seen, no notice to the parents is necessary to determine that question. Section 1815, supra, clearly contemplates that the hearing to determine delinquency of a child is one thing, while the hearing to determine the parent's or guardian's fitness or unfitness to continue in the custody of the delinquent is quite another thing. The language of the statute is:

"In any case in which the court shall find a child neglected, dependent, or delinquent, it may, in the same or in any subsequent proceedings, upon the parents of said child or either of them being duly summoned or voluntarily appearing, proceed to inquire into the ability," etc., of the parent, etc.

As a matter of course, if a child should be charged with an act of delinquency and the juvenile court should find that the charge was unfounded and thus would discharge the child, notice to the parents would be wholly useless and therefore unnecessary. It is only after the court has found the child to be a delinquent that its custody may be drawn in question, and it is then that the parents or guardian must be notified. The court, in its discretion, as is clearly contemplated by the statute, may, however, notify the parents before it proceeds to inquire into the charge preferred against the child and before it determines the question of delinquency, and it would seem that to follow that course would be preferable in order to give the parent an opportunity to be heard upon that question as well as upon the question of custody. The statute also provides that it is sufficient if only one of the parents be notified or if only one of them voluntarily appear. Whether one parent may waive the right of the other parent, or whether notice upon one alone will bind the other, in case the other is within the jurisdiction of the court and can be served with notice, is not before us for determination, and we express no opinion upon those questions. All that we now hold is that the statutory notice is jurisdictional and that, unless such a notice is served or service thereof is waived as hereinbefore stated, the juvenile court is without jurisdiction to determine the parent's right to the custody of the delinquent child.

The only remaining question is: What order or judgment should be entered in this case? The juvenile court clearly had jurisdiction to determine the delinquency of the minor That order or judgment, therefore must stand. The court, however, was powerless to determine the right to the custody of the parent, and hence that question remains undetermined. The petitioner has therefore been unlawfully deprived of her right of custody of her own child, and the defendant is unlawfully exercising the right of custody and control over him.

While the minor must thus be restored to the custody of the petitioner, yet to do that in no way affects the judgment of the minor's delinquency. In pursuance of that judgment, therefore, the juvenile court by complying with the statutory requirement respecting notice may at any time proceed to hear the evidence relating to and determine the fitness of the parents.

It·is therefore ordered and adjudged that that part of the judgment of the juvenile court by which said minor is committed to the state industrial school is void and of no effect, and the same is hereby annulled; that the judgment of the district court remanding said minor into the custody of the defendant is also vacated, set aside, and annulled; and it is hereby ordered that the defendant forthwith release said minor from custody, and. that his custody be restored to the petitioner until her right to custody be legally determined and in accordance with the views herein expressed.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.