### TEXAS & N. O. R. CO. v. YOUNG, District Judge.

#### No. 14252.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 14, 1941.

230

Thompson & Barwise and Seth Barwise, all of Fort Worth, for relator Texas & N. O. R. Co.

Culbertson, Morgan, Christopher & Bailey and Cecil A. Morgan, all of Fort Worth, for cross-relator Ida M. Hornburg.

SPEER, Justice.

We have before us two applications for writs of mandamus against Hon. Bruce Young, Judge of the 48th District Court of Tarrant County, in which both defendant and plaintiffs in cause No. 27597–A, Mrs. Ida M. Hornburg et al. v. Texas & New Orleans Railroad Company, are asking that we grant the writ requiring said judge to enter judgment in favor of the respective parties on a jury verdict theretofore returned.

We have consolidated these two proceedings, and irrespective of the fact that the parties to the suit style themselves relators and Judge Young as respondent, we shall refer to the parties as "company" and to plaintiffs as they appeared in the lower court.

By petitions for the writs, both the company and the plaintiffs contend that the verdict of the jury entitles them to a judgment, and ask that we require the judge to so enter it.

Obviously, in such controversies as this, the pleadings, court orders and statement of facts are not before us. The respective parties have made a statement of the nature and result of the suit below, which discloses that plaintiffs sued the railroad company for damages growing out of the death of Ralph Hornburg. There is no conflict in the statements. Both parties have attached to their respective petitions copies of the questions and answers which make up the jury verdict, and upon the verdict both rely for the relief sought.

In such a situation as this, we must assume that the pleadings and evidence were sufficient to authorize the submission of the special issues, and that the evidence supports the answers made. Upon these assumptions we must determine which of the parties, if either, is entitled to judgment.

By its verdict, the jury convicted the company of negligence, because (a) the crossing on Berry Street (in the City of Fort Worth) was more than ordinarily dangerous at night; that failure to maintain at the crossing a warning signal was negligence and a proximate cause of the accident; and (b) failure to maintain a proper light at the crossing was negligence and a proximate cause. The company was acquitted of negligence relating to discovered peril. The jury verdict acquitted deceased of contributory negligence insofar as the manner of operating his automobile is concerned.

Notwithstanding the findings by the jury of negligence by the company, it contends here that because of findings of contributory negligence by deceased which proximately contributed to the accident, it is en-

titled ·to judgment. Strangely enough, plaintiffs rely upon the same special issues and answers in their contention that judgment should be entered for them. These issues and answers are as follows:

"Question No. 22: Do you find from a preponderance of the evidence that as Ralph Hornburg (deceased) approached the crossing in question, he failed to keep a proper lookout in the direction from which defendant's train was approaching?"

"In connection with this question you are instructed that by the term 'proper lookout' is meant the kind and character of lookout which a reasonably prudent person in the exercise of ordinary care for his own safety, would have kept under the same or similar circumstances." The answer was "Yes."

Question 23 was submitted and to be answered only in the event the jury had answered No. 22 as it did, in the affirmative. It inquired if the failure to keep a proper lookout was the proximate cause or contributed to cause the accident. This inquiry was answered "Yes."

In answer to question 24 the jury found that deceased did not know of defendant's approaching train in sufficient time to enable him, by the exercise of ordinary care, to avoid the collision.

"Question 25: Do you find from a preponderance of the evidence that a person, exercising ordinary care in driving a car west along Berry Street, approaching the railroad crossing at the time and place in question, would have discovered the approach of defendant's train at a time when, by the exercise of ordinary care, such driver could have avoided colliding with defendant's train?" Answer: "No."

It is argued by the company that the foregoing questions and answers convict deceased of contributory negligence and entitle it to a judgment, and plaintiffs contend that when questions 22 to 25, both inclusive, are considered together, number 25 and its answer acquits deceased of negligence and entitles plaintiffs to judgment on other findings of negligence by the company and the amount found by the jury.

Plaintiffs rely upon the case of Gulf, C. & S. F. Ry. Co. v. Russell, 125 Tex. 443, 82 S.W.2d 948. Company counsel have filed no briefs with us, and in oral presentation of their petition admitted that the Russell case rendered their right to judgment somewhat doubtful.

A careful study of the Russell case reveals that plaintiff sued the company for damages and alleged as negligence of the company, a failure by the train operatives to keep a proper lookout for his presence on the track at the time and place of his injuries. The case was tried to a jury on a general charge. The substance of the charge on negligence was that if the jury found from the evidence that the employees failed to keep a proper lookout and that such failure was negligence and a proximate cause of the injury, they should find for the plaintiff. Under the charge, a verdict was rendered for plaintiff, and the court reversed and rendered judgment for the company under a holding that the verdict had no support in the evidence. The court reviewed the evidence at length and indicated that it indisputably appeared that under the existing conditions, the operatives of the train could not have seen Russell if they had kept a reasonable lookout; that Russell was a trespasser and the company only owed him a duty as such; that in the absence of any evidence that the operatives could have seen him if they had kept a reasonable lookout, that phase of the case was not submitted to the jury. The court said, in substance, that under the pleadings it was not only necessary for plaintiff to prove that the train operatives did not keep a reasonable lookout, but also to show that if they had done so they would have discovered plaintiff in time to have avoided the accident. Having reached the conclusion that the verdict did not support the judgment, the court made this further observation, at page 953 of 82 S.W.2d: "We have also made this statement of the evidence to show that there was in fact no sufficient evidence upon which the jury was authorized to base a finding that the operatives of the train did not keep a reasonable lookout." Assuredly, if, as stated by the court, there was no evidence to support a finding of failure to keep a lookout, and no evidence that if they had done so, they would have discovered the plaintiff in time to avoid injuring him, there was no existing reason why the other remaining element, that of proximate cause, could exist. The reversal and rendition was based upon the holding in Texas & Pacific Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049. In the Shoemaker case, the court held that the ·alleged negligent act was properly submitted, but that there was no evidence of a causal connection between the act and the injury; that this must appear before the

232

negligent act can be said to be the proximate cause of the injury. It is as essential that there be competent evidence of the causal connection—that of proximate cause—as that the alleged negligent act or omission be established. Missouri P. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324; Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502. Thus, it is apparent that in the absence of evidence of negligence for failure to keep a lookout, and evidence that if one had been kept the operatives of the train would have seen a person on the track and avoided injuring him, no just criticism can be urged to the holding in Gulf, C. & S. F. Ry. Co. v. Russell, supra. We do not consider that we have a similar situation before us, for, as stated, we must assume that there was evidence to support the issues and their answers.

The verdict in the instant case, insofar as it found negligence by the railroad company and proximate cause, showed liability for which plaintiff could recover, unless defeated by a finding of contributory negligence upon the part of deceased and proximate cause. As above stated, we must assume that contributory negligence was pleaded by the company and, further, that there was evidence sufficient to require its submission to the jury, along with proximate cause, and whether or not, if deceased had kept a proper lookout, he would have discovered the approaching train.

■ It is now well settled that a party is entitled to have every phase of his case which he has pleaded and upon which evidence is offered, submitted to the jury. This rule is applicable to defendant's allegations of contributory negligence. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517. The cited case has been approved by our Supreme Court many times. The requirement that such issues be submitted must mean that they be answered in such manner as to apprise the court of what the jury intended to find the facts to be.

■ By answer to special issue 22, and the definition given in connection with it, both quoted above, the jury found that deceased failed to use ordinary care, such as a person situated as he was at the time would use, to keep a proper lookout for the approaching train. One can perceive of how this answer could be true, even though if he had kept a proper lookout, it would have availed him nothing, since he could not have seen the train if he had looked,

as was found in response to special issue 25. But, as stated in the Shoemaker case, supra, there is no causal connection between deceased's failure to keep a lookout and the finding that it was a proximate cause or contributing cause to the accident, as found in answer to the 23rd special issue. In other words, the answers to special issues Nos. 23 and 25 cannot both be true in law—one is destructive of the other, and amounts to no answer at all, insofar as is necessary to support a judgment for plaintiffs. It will be observed that the jury, by its answer to question 23, said that deceased's failure to keep a proper lookout was the proximate cause of the collision which resulted in his death. The answer is supposed to have been based upon the court's definition of proximate cause. Reading the definition and answer together and paraphrasing the two, the jury found that deceased's failure to keep a lookout was the moving and efficient cause of the collision, unbroken by any new and independent cause and an incident which he should have reasonably foreseen. The answer to question 25 is to the effect that if deceased had kept a proper lookout, he would not have seen the approaching train in time to have avoided the collision. We can perceive of no state of facts under which both answers can stand. The one is directly contradictory of the other.

■ When irreconcilable answers are given to material issues in a case, and under instructions of the court, the jury is unable to reconcile their answers, a mistrial should be declared. Texas & N. O. Ry. Co. v. Houston Undertaking Co., Tex. Civ.App., 218 S.W. 84, writ refused. The railroad company was not entitled to have judgment entered in its favor because there were findings of negligence by it proximately causing the accident, and it did not procure an effective finding by the jury that deceased was guilty of contributory negligence, proximately causing his death. It would not be proper to direct the entry of a judgment in this case for plaintiffs, because to do so would deprive the company of its right to have its defensive matter of contributory negligence and whether or not it was a proximate cause passed upon by the jury without its effect being destroyed by another irreconcilable answer in connection with those findings. Somewhat analogous to our last statement is the holding in Harrell v. St. Louis & S. W. Ry. Co., Tex.Com.App., 222 S.W. 221, 223.

233

A party litigant should not be deprived of his right to a submission to the jury of his grounds of defense, simply because conflicting answers may be given by the jury, as was the result in the case at bar. Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268. In cases where juries make conflicting answers, and they are irreconcilable, the court may call their attention to the conflict and require them to deliberate further, and, if possible, to remove the difficulty. Federal Underwriters Exchange v. Hightower, Tex.Civ.App., 142 S.W.2d 963, writ dismissed, correct judgment. We are not in a position to know what was done in this case when the verdict was returned with the conflicting answers, but may presume that the trial court did his duty and endeavored to have the jury eliminate the conflicts in their answers. It remains, however, that they are still there, and that a mistrial should have been declared.

For the reasons stated, we cannot give either of the petitioners the relief sought, and they are accordingly both denied the writs prayed for. The trial court will proceed with the cause in such manner as he deems proper, not inconsistent with what is here said. The costs of this hearing will be taxed in equal amounts against the respective company and the plaintiffs.