## WILLIAMS et ux. v. LILES.
### No. 15314.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 18, 1952.

Borden Seaberry, of Weatherford, for appellants.

Craven & Hand, of Weatherford, for appellee.

RENFRO, Justice.

The appellants, Cophlin Williams and wife, Opal Williams, filed a petition in the district court of Parker County seeking to adopt the minor child Leonard Allen Liles. The appellee, Betty Liles, natural mother of the child, intervened, praying that the adoption sought by appellants be denied. The hearing was held before the court and judgment rendered denying appellants' petition for adoption of said child. From such decision the appellants present this appeal.

The baby in question was born on the 19th day of June, 1950. The day after the child was born, appellee's husband, L. L. Liles, told her that he would not keep the child. Appellee and L. L. Liles were married two months before the child was born. On the 21st day of June, appellee was taken to her mother-in-law's home and a waiver or consent for adoption was presented to her. It is her contention that appellant Cophlin Williams' mother presented the waiver or consent to her, with the representation that it was a consent for appellants to keep the baby for a period not exceeding six weeks. Appellee's husband, her mother-in-law and said appellant's mother were present at the time. Appellant Cophlin Williams is related to the husband of appellee. Appellee contends that she was ill and dopey from childbirth and that when she learned her husband would not agree to keep the child, she was undecided what she could do, and therefore consented to sign the instrument presented to her. Her husband also signed the adoption agreement.

Appellee testified, and the court specifically found, that within two weeks from the date she signed the agreement she notified appellants in writing that she was withdrawing her consent and wanted the baby returned to her.

In spite of the withdrawal of consent by appellee, the appellants, on July 26, 1950, or at least two weeks after the consent was withdrawn, filed their petition in the district court of Parker County for adoption. Except for the appointment of an investigator, who never filed a report, no

further proceedings are reflected by the record until the hearing which resulted in the denial of the petition for adoption. Appellee testified she continuously sought the return of her baby, but had been stalled and put off. Finally, on April 4, 1951, she filed the aforesaid mentioned intervention. At the time of the hearing, appellee testified that she had the promise of a good job at Consolidated, and also had a job in California if she wanted it. She further testified her parents had a good home and were willing to provide for her and the baby.

The appellants contend (a) appellee could not withdraw her consent for adoption without the joinder of her husband, and that, (b) the findings of the court and his judgment are in direct conflict with and against the great weight of the evidence.

■ Under Article 46a, Sec. 6, R.C.S., Vernon's Ann.Civ.St. art. 46a, § 6 it is provided, with certain exceptions, which are not applicable to the instant case, that "no adoption shall be permitted except with the written consent of the living parents of the child". Where the statutory exceptions are not applicable, consent of the living parent or parents is prerequisite to a judgment of adoption. Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420.

■ Consent for adoption may be withdrawn at any time before adoption even though the consent is given in writing and accompanied by transfer of the custody of the child. 2 C.J.S., Adoption of Children, § 21, page 386. The Texas authorities generally hold that consent for adoption may be withdrawn at any time before the adoption is acted upon by the court. Fitts v. Carpenter, supra; Paschke v. Smith, Tex. Civ.App., 214 S.W.2d 205; Smith v. Curtis, Tex.Civ.App., 223 S.W.2d 712; Austin v. Collins, Tex.Civ.App., 200 S.W.2d 666, writ ref., n. r. e., and Platt v. Moore, Tex.Civ. App., 183 S.W.2d 682, error refused.

■ Appellee pleaded and proved that her husband refused to help her regain the baby. They separated soon after the birth of the child because of his refusal to help her regain custody and were still separated at the time of trial. In view of the language in Article 46a, Sec. 6, requiring the consent of the "living parents," the court had no authority to grant the adoption without appellee's consent. She had the right to, and did, revoke the written consent originally given. It is immaterial that her husband did not revoke his consent. The trial court did not err in declining to grant the adoption.

■ We are aware of the holding in McRae v. Lamb, 233 S.W.2d 193, in which the San Antonio Court of Civil Appeals stated that the withdrawal of consent should be supported by good cause shown. In the instant case, appellants can draw no comfort from the holding in that case, for the evidence, which we must presume was found to be true by the trial court, shows that appellee had good cause for withdrawing the consent. According to her testimony, she was laboring under great mental strain and in fear that if she kept the child, unhappiness would result because of her husband's attitude. She feared that she would lose her husband; that he had told her he would not allow the child to remain in the home; that she was ill and dopey from delivery and that she did not know what she could do. There was no abandonment on her part. The evidence shows that within two weeks she began efforts to regain possession of her baby.

If we be mistaken in our holding that appellee had the absolute right to withdraw her consent at any time before the petition of appellants was acted upon by the court, then the trial court's judgment must be upheld because of the showing of good cause for withdrawing her consent. Hammond v. Chadwick, Tex.Civ.App., 199 S.W.2d 547.

The judgment of the trial court denying appellants' petition for the adoption of the minor child, Leonard Allen Liles, is affirmed.

Affirmed.