Mildred Mae JOHNSTON et vir, Relators,

v.

Alton B. CHAPMAN et al., Respondents.

No. 6497.

Court of Civil Appeals of Texas.

Amarillo.

May 9, 1955.

Rehearing Denied June 13, 1955.

A. W. Salyars, Edwin H. Boedeker, Lubbock, for relators.

Ratliff, Conner & Walker, Spur, for respondents.

NORTHCUTT, Justice.

This opinion, concurred in by two members of this Court, becomes the majority opinion of the Court. This matter is before the Court upon petition for a writ of mandamus to require the trial judge to reinstate the jury verdict in the original hearing and to render judgment for relators setting aside an adoption decree entered in Cause No. 2096 of said trial court on September 15, 1949. The relator, Mildred Mae Johnston, was formerly married to Newton Bingham, the son of T. A. Bingham and Rachel Bingham. To the marriage of Newton Bingham and Mildred Mae Bingham was born a son by the name of Joe Wallace Bingham. Newton Bingham and Mildred Mae Bingham were divorced after Joe Wallace Bingham was born. Since such divorce Mildred Mae Bingham has married Eugene Johnston.

T. A. Bingham and Rachel Bingham, grand-parents of Joe Wallace Bingham, obtained a judgment of adoption as to Joe Wallace on September 15, 1949. Since the rendition of such judgment, both T. A. Bingham and Newton Bingham have died and this suit was brought against Rachel

Bingham to set aside such judgment of adoption.

It is undisputed that in the adoption proceedings Newton Bingham gave his written consent for such adoption but that the mother, Mildred Mae Bingham, never at any time gave her written consent for such adoption nor was she given any notice of such adoption proceedings and neither was there any showing of proceedings declaring the child dependent and neglected. Such adoption was granted solely upon that portion of Section 6 of Article 46a of Vernon's Texas Civil Statutes which is as follows:

"Sec. 6. Except as otherwise amended in this Section, no adoption shall be permitted except with the written consent of the living parents of a child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, and such parent or parents so abandoning and deserting such child shall not have contributed to the support of such child during such period of two (2) years, then in such event it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence, or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

Upon a hearing in the trial court to set aside such adoption decree rendered September 15, 1949, the case was submitted to the jury upon the following four special issues:

"Issue No. 1: Do you find from preponderance of the evidence that Plaintiff Mildred Mae Johnston, then Mildred Mae Bingham, did not voluntarily abandon and desert her child, Joe Wallace Bingham, for a period of two years immediately prior to September 15, 1949?

"Issue No. 2: Do you find from preponderance of the evidence that Plaintiff Mildred Mae Johnston, then Mildred Mae Bingham, did not voluntarily leave her child, Joe Wallace Bingham, to the care, custody, control and management of Rachel Bingham, or other persons for a period of two years immediately prior to September 15, 1949?

"Issue No. 3: Do you find from preponderance of the evidence that Plaintiff Mildred Mae Johnston, then Mildred Mae Bingham did not fail to contribute to the support of her child, Joe Wallace Bingham, for a period of two years immediately prior to September 15, 1949?

"Issue No. 4: Do you find from preponderance of the evidence that Plaintiff Mildred Mae Johnston, then Mildred Mae Bingham, learned of the adoption of her child, Joe Wallace Bingham, by Rachel Bingham and Al Bingham, more than four years prior to May 20th, 1954?"

The jury did not answer Special Issues 1, 2 and 4 but did answer Special Issue No. 3 as follows:

"Plaintiff Mildred Mae Johnston, then Mildred Mae Bingham, did not fail to contribute to the support of her child, Joe Wallace Bingham, for a period of two years immediately prior to September 15th, 1949."

Upon this answer of the jury to Special Issue No. 3, the relators requested a judgment setting aside such adoption decree but the trial court refused such request and declared a mistrial and continued the case for another trial of the cause on its merits.

It is the contention of relators that since the jury found that the mother of Joe Wallace Bingham had not failed to contribute to the support of her child, Joe Wallace Bingham, for a period of two years immediately prior to September 15, 1949, the date of the adoption, that such adoption was

void because said mother had not given her consent to the adoption and the requirements of Section 6 of Article 46a, supra, had not been complied with.

Respondents contend that the relators wholly failed to discharge their burden to show that they had an absolute right to a judgment under all applicable law and that they failed to negative defensive issues.

█ Since there is no question about the mother not giving her consent to the adoption and the adoption being granted solely upon the theory that Mildred Mae Bingham Johnston had voluntarily abandoned and deserted Joe Wallace Bingham for a period of two years, and had left such child to the care, custody, control and management of other persons and had not contributed to the support of such child during such period of two years, it was necessary that all three of these requirements provided by statute be established before such application for adoption could be properly granted. The above provisions of the statute were in effect at the time of the adoption.

█ There was also a contention by the respondents that the relators were barred by the four year statute of limitations. The special issue as to limitation inquiring whether the relators learned of such adoption was not answered by the jury. We are of the opinion, and so hold, that this statute of limitations does not apply.

The Supreme Court in the case of DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687 at pages 690–691 stated:

"(4) It is generally held that a statute authorizing such summary proceedings without notice to the parents is constitutional, and that a decree entered in accordance therewith is valid subject only to the right of the parents or guardian who were without notice thereof to a full hearing in a subsequent proceeding on the issue as to whether the child was, in fact, a dependent and neglected child. 39 Am. Jur., p. 604, § 17; 31 Am. Jur., p. 802, § 35; Jensen v. Hinckley, 55 Utah 306,

185 P. 716; People ex rel. Riesner v. New York Nursery & Child's Hospital, 230 N.Y. 119, 129 N.E. 341; In re Sharp, 15 Idaho 120, 96 P. 563, 18 L.R.A.,N.S., 886; Farnham v. Pierce, 141 Mass. 203, 6 N.E. 830, 55 Am.Rep. 452. This question was discussed in the case of Allen v. Williams, 31 Idaho 309, 171 P. 493, 494. That case involved a delinquency proceeding, and not a dependency proceeding, but the rule in this respect is the same. * * *

*    *    *    *    *    *

"(5) But where the parents are without notice of the proceedings, they must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed as to authorize the entry of the judgment of dependency. Ex parte Clarke, 82 Neb. 625, 118 N.W. 472, 20 L.R.A.,N.S., 171; Schiltz v. Roenitz, 86 Wis. 31, 56 N.W. 194, 21 L.R.A. 483, 39 Am.St.Rep. 873; Child Saving Institute v. Knobel, 327 Mo. 609, 37 S.W.2d 920, 76 A.L.R. 1068.

*    *    *    *    *    *

"(7) Parents may voluntarily relinquish their right to the custody of their child either by agreement or by abandonment or by such other neglect or mistreatment as will authorize the intervention of the State for the best protection of the child, and when they do so, the State has the lawful right to award the custody of such child to others. While a parent who had no notice of the proceedings in which a child was adjudged to be a dependent child is not cut off from his right to show in a subsequent hearing that he had not allowed his child to become a dependent child, yet, if upon such subsequent hearing it appears that he had, in fact, allowed his child to become a dependent child, then the judgment declaring the child to be a dependent child and awarding its custody to some one else becomes binding upon him."

To the same effect is the case of Pettit v. Engelking, Tex.Civ.App., 260 S.W.2d 613 at page 616 where it is stated:

"However, parental custodial rights come within the protection of the due process clauses of the federal and state constitutions. Fourteenth Amendment to the Constitution of the United States, Article 1, § 19, of the Constitution of Texas, Vernon's Ann.St., Consequently, the Supreme Court has held that 'where the parents are without notice of the proceedings, they must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed as to authorize the entry of the judgment of dependency.' DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, 691. In cases of this kind the question of the fairness of the hearing is always present and has been jealously guarded by the courts."

See also Strode v. Silverman, Tex.Civ. App., 209 S.W.2d 415.

See also the case of Williams v. Liles, Tex.Civ.App., 245 S.W.2d 551, 552, where it is stated:

"(1) Under Article 46a, Sec. 6, R.C. S., Vernon's Ann.Civ.St. art. 46a, § 6 it is provided, with certain exceptions, which are not applicable to the instant case, that 'no adoption shall be permitted except with the written consent of the living parents of the child'. Where the statutory exceptions are not applicable, consent of the living parent or parents is prerequisite to a judgment of adoption. Fitts v. Carpenter, Tex.Civ.App., 124 S.W.2d 420."

■ Since the jury answered that the mother had not failed to contribute to the support of such child during such period of two years, and it is undisputed that she had not given her consent to such adoption and not even contended that the child had been declared dependent and neglected, a controlling issue was found in her favor and she was entitled to have such adoption set aside. The Commission of Appeals in Brokaw v. Collett, 1 S.W.2d 1090, ruled:

"In trial of right of property, immaterial issues answered by jury may properly be disregarded by court as surplusage, and not considered in rendering judgment."

This principle is detailed in Volume 36–A, Texas Digest, under Trial, ■ 356(5).

The issue may be briefly summarized. It is an admitted fact that the judgment of adoption was rendered without the consent of the mother of the child and without any notice to her. The jury found that the requirement of the statute as to adoption without consent was not met. In the absence of consent and of proof of compliance with the statute, the judgment of adoption was void and the statutes of limitation do not apply or in any event the mother in this case is allowed a full hearing in a subsequent proceeding such as was held in the trial court. The rulings of the Supreme Court cited herein authorize such subsequent hearing. No action was required of the trial court other than to apply the law to the undisputed facts in the record."

"The findings of a jury based upon evidence constitute the undisputed facts of the case, hence no room for the exercise of a judicial discretion could exist, the question presented being one purely of law arising on undisputed facts; and where, as in the instant case, the appellate court holds that the findings are consistent and reconcilable, the trial court should be directed to perform its statutory duty; that is, to render judgment in conformity to the verdict." Dallas Ry. & Terminal Co. v. Watkins, Tex.Civ.App., 89 S.W. 2d 420, 422 (2nd case). Writ refused.

It is therefore ordered that the Honorable Alton B. Chapman as District Judge of the 110th Judicial District of Dickens County, Texas, set aside the order declaring a mistrial in Cause No. 2295 styled Mildred Johnston and husband, Eugene Johnston v. Rachel Bingham and that such jury verdict in said cause be reinstated and that the court render judgment upon the verdict of the jury.

PITTS, Chief Justice (dissenting).

As I view the record, the majority opinion does not dispose of the matter presented

here in accordance with the long established rules governing procedure in an original mandamus action such as we have before us. In my opinion, the majority opinion erroneously goes into the merits of the case out of which this action arose and seeks to determine a disposition of the issues as if such issues were before us on appeal. As I understand the majority opinion it finally directs the trial court to set aside its former judgment of adoption, set aside its order of a mistrial, accept the partial verdict rendered by the jury and render judgment thereon for relators, which I believe cannot be done by the trial court without the exercise of judicial discretion. It has been held that such procedure is not proper in a hearing such as we have before us. Firestone v. Hall, Tex.Civ.App., 143 S.W.2d 797. The record in that case was similar to the one now before us in that a partial jury verdict was rendered and a mistrial declared by the trial judge, whereupon the relator sought to compel the trial court to enter judgment in her favor, but the Fort Worth Court of Civil Appeals in an able opinion written by Chief Justice Dunklin denied the application. Under the record before us it is my opinion that the trial court would have committed reversible error if it had sustained relator's motion and rendered judgment for them upon the partial jury verdict.

In the case of Wortham v. Sullivan, 147 S.W. 702, 703 (writ refused), this court laid down the general rule governing the question we have before us here in the following language:

"The law is well settled that mandamus will not lie to compel the performance of an act by an official unless his duty to perform the same is so clear and free from doubt as not to require the exercise of discretion on his part, and so that its performance amounts to a mere ministerial act."

Thereafter in the case of Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138, the Supreme Court quoted with approval the said rule announced in the Wortham-Sullivan case, referred to it as "wholesome doctrine" which still prevailed. Numerous authorities, some of which are hereinafter cited, reveal that the general principles of the said rule there stated apply particularly to procedure in an original mandamus action such as we have before us.

In my opinion the matter here presented can be better determined if more background is briefly given which resulted in the filing of the original suit out of which this action arose. Relator Mildred Mae Johnston had previously been twice married to Newton Bingham, a son of Rachel Bingham, and twice divorced from him before she married Eugene Johnston. During her first marriage to Newton Bingham, a son, Joe Wallace Bingham, was born to the marriage on August 23, 1945, and is now nearly ten years of age. In each of the said divorce actions, the custody of Joe Wallace Bingham was awarded to his father, Newton Bingham, and has been kept and cared for most of its life by its paternal grandmother, Rachel Bingham. The first divorce decree was entered on November 7, 1947, by the District Court of Lubbock County and the second divorce decree was entered on August 18, 1949, by the Dickens County District Court, before respondent herein. Thereafter, on September 15, 1949, in the District Court of Dickens County, with respondent presiding, Joe Wallace Bingham was adopted by decree of the said court by his paternal grandparents, T. A. Bingham and wife, Rachel Bingham, and upon their application for such adoption, since which time T. A. Bingham and his son, Newton Bingham, the father of Joe Wallace Bingham, have both died. In the adoption decree the trial Court found that relator Mildred Mae Johnston had voluntarily abandoned and deserted the said child for a period of two years prior thereto, leaving it in the care, custody, control and under the management of others and had not contributed to its support for a period of two years. The partial jury verdict, if accepted, in no way disturbs the findings there made to the effect that the said relator voluntarily abandoned and deserted the child for a period of two years, leaving it in the care, custody, control and under the management

of others. The trial court likewise made other material findings. To set aside that judgment of adoption before another to the contrary could be rendered, the material findings of the trial court therein stated would necessarily likewise be set aside. Relators seek here to have this court compel respondent, the trial judge, to set aside the judgment of adoption, as well as the material findings therein made, and to enter another judgment in lieu thereof in favor of them. In my opinion such material findings cannot be set aside without the exercise of judicial discretion.

In addition to these matters, Rachel Bingham pleaded four years statute of limitation as provided for in Article 5529, V.A. C.S., and that portion of the approved facts before us reveals that the evidence raised the issue of limitation. An issue of limitation (No. 4) was submitted to the jury without any objections from relators, who assert in their petition for a mandamus that Rachel Bingham claimed limitation, laches and estoppel as a defense. The jury could not agree on an answer to the issue on limitation. Relators assert that the issue on limitation and the two other issues not answered by the jury are not material and that in any event there is no evidence of probative force to support the issue on limitation and the trial court should so hold. In my opinion the trial court could not so hold and so find without exercising judicial discretion. It has been held that a trial court cannot be compelled by mandamus to make particular findings. O'Meara v. Moore, 142 Tex. 350, 178 S.W.2d 510.

On or about November 25, 1950, relator Mildred Mae Johnston, then Mildred Mae Bingham, was married to her present husband, Eugene Johnston. Thereafter on May 20, 1954, relators filed the original suit versus Rachel Bingham seeking to set aside the adoption decree on the alleged grounds of lack of notice and fraud, accident or mistake, and filed their second amended original petition, upon which they went to trial, on September 8, 1954. Rachel Bingham answered, joining issues with relators and among other defenses pleaded the four year statute of limitation, laches, and estoppel

as set out by relators in their petition presented here seeking a writ of mandamus. The case was tried before respondent and to a jury on or about September 16, 1954, with four special issues having been submitted to the jury without objections of either party, according to the record before us.

After due deliberation, the jury returned into open court, unable to agree upon answers to three of the special issues submitted but had answered only the third special issue. Although the jury failed to return a full and complete verdict, it was discharged without further deliberation. Relators moved the trial court in writing for judgment for themselves upon the jury's answer to the third special issue, notwithstanding the failure of the jury to answer the other three special issues submitted to it. The trial court, on October 22, 1954, overruled relators' said motion for judgment and entered its order declaring a mistrial.

Thereafter, on December 6, 1954, relators filed their motion for leave to file and, after granted leave, their petition for mandamus in this Court. Respondent answered through counsel for Rachel Bingham. The matter was submitted here on April 4, 1955, with oral argument heard by all parties.

The recent case of Southwestern Bell Telephone Co. v. Shell, Tex.Civ.App., 266 S.W.2d 476, 478, is similar to the one at bar in that relator sought a mandamus to compel the trial court to render judgment upon a partial jury verdict after a mistrial had been declared. The court there said in part:

"While mandamus lies to compel a court to render judgment when the petitioner has an absolute right to such judgment, the petitioner has the burden of showing a clear right to such relief. * * *

"The remedy by mandamus is summary, extraordinary, harsh and drastic, and when it is resorted to for the purpose of compelling a court to render a particular judgment when that court

thinks no judgment should be rendered, its enforcement is attended by some delicacy. Accordingly, we believe that when there is any reason which could justify the action of the court in declaring a mistrial, a writ of mandamus requiring him to enter a judgment cannot be issued. * * *

"Believing that petitioner has not shown a clear right to the writ, and has not negatived all the defenses to the granting of such relief, the petition for writ of mandamus is denied."

The rules of law there announced are fundamentally sound and I believe they fully apply to the record here presented.

In the case of Callahan v. Giles, 137 Tex. 574, 155 S.W.2d 793, 795, the court said in part:

"Mandamus is an extraordinary writ, and is not issued as a matter of right, but rests largely in the sound discretion of the Court. Westerman v. Mims, 111 Tex. 29, 227 S.W. 178; Munson v. Terrell, 101 Tex. 220, 105 S.W. 1114; Moore v. Rock Creek Oil Corporation, Tex.Com.App., 59 S.W.2d 815; 28 Tex. Jur. 520. The writ will not be granted unless the petition shows that the relator has a clear right to the writ. American Book Co. v. Marrs, 113 Tex. 291, 253 S.W. 817; City of Sherman v. Langham, 92 Tex. 13, 40 S.W. 140, 42 S.W. 961, 39 L.R.A. 258, and numerous cases cited in 28 Tex.Jur. 533."

In my opinion, relators' petition presented here fails to show "a clear right to the writ" sought. Relators contend that the three special issues not answered by the jury are immaterial and that the defensive issue of limitation was not supported by sufficient evidence of probative force in any event. By reason of such contention, relators seek to have this court determine matters which belong to the merits of the case and could be considered by us only on appeal and not at this hearing. Williamson Motor Co. v. Smith, Tex.Civ.App., 274 S.W.2d 191. In that case the court held, and we think properly so, that under such circumstances a mandamus will not lie, since the jury verdict was incomplete and that such is true in a mandamus proceeding regardless of the merits of the issues submitted to the jury. We must consider the issues as submitted, since, in a mandamus hearing such as this, we must assume that the pleadings and evidence were sufficient to authorize the submission of all of the special issues. Texas & N. O. R. Co. v. Young, Tex.Civ.App., 148 S.W.2d 229 and Leonard v. Young, Tex.Civ.App., 186 S.W. 2d 81.

If this Court were authorized to consider a controverted issue of merit at this hearing, an approved portion of the statement of facts before us reveals that the evidence raised the issue of limitation, since relator, Mildred Mae Johnston, testified by deposition in the original case, out of which this action arose, that she first learned that her son had been adopted by T. A. Bingham and wife, Rachel Bingham, in February of 1950, and that she went to the Dickens County Courthouse and checked the records to verify it during the following month of March, 1950. Thereafter, on direct examination at the trial, she testified in person that she first learned of the adoption of the said child on January 12, 1951, when she checked the Dickens County records to verify the matter. The jury heard her conflicting testimony. Her first statement, if true, would have revealed that she learned of the matter more than four years before her petition was filed in the original case. Her second statement, if true, would have revealed that her petition was filed in the original case less than four years after she learned about the adoption. The jury could not agree upon an answer concerning this matter and therefore did not answer Special Issue No. 4 concerning a plea of limitation. However, only the jurors were the judges of the credibility of the witness and of the weight to be given her testimony. Since the jurors could not agree, it must be presumed that the minds of reasonable men could not meet and determine an answer to Special Issue No. 4, provided this Court should be authorized to consider a question of merit at this hearing, which we are not.

The parties have discussed at length the question of whether or not the judgment of adoption is void. In my opinion under the state of the record that matter is not before us for determination at this hearing. The sole purpose of this hearing is to determine whether or not there is anything left for the trial court to do but perform purely a ministerial act, which does not involve the exercise of judicial discretion. Wright v. Swayne, 104 Tex. 440, 140 S.W. 221, Syl. 1; Templeton v. Small, Tex.Civ.App., 37 S.W. 2d 262, Syl. 3; Bussan v. Holland, Tex.Civ. App., 235 S.W.2d 657, Syl. 1 and 2; Harris v. Tucker, Tex.Civ.App., 241 S.W.2d 304, 305, Syl. 3. In this action relators rely upon their motion for judgment, in which they in effect urged the trial court to exercise judicial discretion and determine the issues not answered by the jury to be immaterial and to further determine that there was no evidence of probative force to support an affirmative answer to Special Issue No. 4 in any event. Under the record presented and the authorities applicable thereto cited a mandamus will not lie. American Bottling Co. v. Briggs, Tex.Civ.App., 232 S.W.2d 103; Knox v. Craven, Tex.Civ.App., 248 S.W.2d 955.

The majority opinion relies upon and quotes from Dallas Ry. & Terminal Co. v. Watkins, Tex.Civ.App., 89 S.W.2d 420. In that case the jury answered all the issues submitted. Respondent, the trial judge, contended that there were "irreconcilable conflicts" in the answers of the jury but the appellee court held there were no conflicts in the jury's answers and, as a matter of law, there was nothing left for the trial court to do but perform a ministerial duty in entering a judgment upon the jury verdict. I find no fault with the rule of law applied to the record there presented but that case is wholly distinguishable from the case at bar. The rules of law announced in that case are not applicable to the record presented here and are certainly not controlling in the case at bar. In the case at bar, we have only a partial jury verdict rendered and there are no claims made here of conflicting jury answers. In my opinion the partial verdict shown in the record be-fore us would not support a judgment of any nature other than one of a mistrial.

For reasons stated, relators' petition for mandamus in my opinion should be in all things denied.